330 So.2d 627 (1976)
Gary L. HOLLEMAN
v.
Theodore P. VIOLA, Jr., et al.
No. 7369.
Court of Appeal of Louisiana, Fourth Circuit.
April 13, 1976.
*628 Law Office of Richards & Dorsey, Dan R. Dorsey, Metairie, for plaintiff-appellee.
Law Offices of James J. Morse, Julian G. Baudier, Jr., New Orleans, for defendants-appellants.
Before SAMUEL, LEMMON and STOULIG, JJ.
STOULIG, Judge.
Plaintiff, Gary L. Holleman, obtained a $219.45 judgment against defendants, Theodore P. Viola, Jr., a police officer; the New Orleans Police Department; and its insurer, the Travelers Insurance Company, for the car rental expense Holleman incurred while his vehicle was being repaired.
On December 12, 1974, Officer Viola, while operating a New Orleans Police Department station wagon in the course of his employment, struck Holleman's parked vehicle. That same day Holleman had his car towed to Clearview Dodge to be repaired. The insurer, conceding liability, paid the property damage claim and reimbursed plaintiff for car rental expense for 14 days; however, it refused to pay for the additional 22 days of car rental expense plaintiff incurred while waiting for his vehicle to be repaired by Clearview. Defendants have appealed from the judgment in favor of plaintiff.
We affirm. The record establishes plaintiff did all that could reasonably be expected to have his vehicle repaired promptly and to minimize the damages with respect to car rental. On the date of the accident he arranged to have his Dodge automobile towed to an authorized Dodge dealer.
According to Johnny E. Beeson, body shop manager of Clearview Dodge, before repairs could be undertaken at the insurer's expense, its appraiser would have to inspect the damage and approve the estimate given at the repair shop. Upon receipt of the insurer's approval of the repairs, *629 the required parts were ordered and the actual repairs commenced.
In this case on December 16 the defendant's appraiser partially inspected the car. He was unable to complete his estimate on this date because Clearview Dodge did not have anyone to jack up the car so that he could view any damage to its undercarriage. Sometime between December 20 and 23 the appraiser examined the undercarriage and completed his estimate of repair, which was submitted to his supervisor.
On Christmas Eve, plaintiff checked with Clearview and learned the body shop was closed for the holidays from January 20, 1974 to January 2, 1975. He was also advised that the repairs to his car had not been started because they had not been approved by the insurer. Several days later the insurer, who had furnished a rental car, refused to continue to do so because its appraiser felt the delay in effecting the repairs was unreasonable. Plaintiff then returned the rental car on December 31. Having no business need for the use of a car over the New Year's weekend, plaintiff did not rent another automobile at his own expense until three days later.
From the record it is obvious the dispute is between the insurer and Clearview Dodge, and it is not clear whether the adjuster was dilatory in completing the inspection or the automobile dealer procrastinated in making the repairs. The insurer complains of the Christmas closedown, but we do not think it was the plaintiff's obligation to know of this holiday delay or to move his car to another body shop once he learned of it. Plaintiff pointed out the impracticality of moving the vehicle when he noted: The repair estimates had been approved and the parts ordered to complete the job. Had he moved the car to another body shop it would have been necessary to reappraise the repair job and obtain approval before the new shop could order parts. This would have caused additional delay.
The period of compensatory loss of use is the time required to have the damaged property repaired when due diligence is exerted. See Chriss v. Manchester Insurance & Indemnity Co., 308 So.2d 803 (La.App.4th Cir. 1975). In the instant case the evidence establishes the plaintiff did all that could be reasonably expected to complete the repairs as expeditiously as possible.
Appellants' second complaint of error is that the trial judge awarded $75 to Johnny Beeson, who was qualified as an expert in repair of vehicles but testified only to facts that required no particular expertise. We agree an expert fee is not due, but note none was assessed in the judgment. The trial judge did indicate he intended to make such an award, but the judgment is silent as to this element of cost. Therefore, in this respect there is nothing to amend.
For the reasons assigned the judgment appealed from is affirmed at defendants' cost.
AFFIRMED.