BOUTALL, Judge.
This case involves a suit for personal injuries arising out of an accident in Kent’s Dollar Store. The trial court found in favor of plaintiff and defendant has appealed. Plaintiff answered the appeal seeking damages for a frivolous appeal. We amend and affirm.
Defendant avers that the trial court has committed error in its assessment of liability and in the award of damages. The issue as to liability presents no great problem. Plaintiff, Betty Jacobs, went to Kent’s Dollar Store for the purpose of buying baby clothes. At the time of this occurrence the plaintiff was in her eighth month of pregnancy with her tenth child. While she and her young daughter were examining the baby clothes several (plaintiff describes them as tool boxes, the manager as plastic tackle boxes) boxes fell from a shelf above the baby clothes display striking plaintiff on the head. The alleged cause for the boxes falling was that people at the T.G. & Y next door often threw objects against their wall, causing the Kent’s wall to shake and objects to fall from the wall. The assistant manager of Kent’s testified that he was aware of this occurrence and that objects falling off the wall had occurred in the past.
We believe these facts clearly set out a situation of negligence on the part of Kent’s Dollar Store. Knowing that the wall was likely to shake violently enough to dislodge items on the walls and shelves, Kent’s was under a duty to either warn their patrons of the danger or take affirmative steps to make their store safe for their patrons. Since there is no evidence in the record to show that Kent’s carried out this duty towards its customers we affirm the judgment of the trial court which found Kent’s liable for plaintiff’s injuries.
The second issue in this case involves quantum and presents a somewhat more difficult problem. Defendant contends that the award is excessive and that it constitutes punitive damages.
The plaintiff received a contusion on the top of her head as a result of the boxes falling on her. She complained of dizziness and headaches thereafter and sought treatment at Charity Hospital Clinic. She also felt soreness in the back of her neck and later went to a private physician who diagnosed her injuries as a cervical strain. He noted that the rigors of caring for ten children kept the plaintiff from recovering *452 as quickly as expected. Six months after the accident the plaintiff was discharged as fully recovered.
The trial court awarded the plaintiff $5,000.00 in general damages and $99.00 in medical bills. Defendant contends this is an excessive award under the circumstances of the case and that the award is actually part punitive damages, not allowed in Louisiana absent a special statute. Post v. Rodrigue, 205 So.2d 67 (La.App. 4th Cir. 1967) and the cases cited therein. It relies upon the trial judge’s comments in the final paragraph of his Reasons for Judgment, contending the remarks show prejudice and prejudgment of the case. After discussing the facts and the law and deciding the quantum to be awarded, the trial judge added this paragraph:
“The Court is convinced that this case ought never to have been litigated. It is obvious that the defendant (not its attorneys) did not make any conscientious or sincere effort to avoid this litigation, knowing the facts and circumstances of this case, how and why the plaintiff was injured should have caused this defendant to do more than just file a general denial and plea of contributory negligence. The Court could understand defending on quantum alone, but this Court is also mindful that, after two pretrial conferences (the second just before the commencement of the trial) this case could have been settled were it not for the fact that the defendant’s bullheaded adjuster’s belief that this case was not worth more than $1,000.00 including injuries, pain and suffering, court costs and medical bills.”
The issue presented by defendant is unique and we believe one of first impression in Louisiana. The transcript of the trial in this case evidences no prejudice or bias on the part of the judge. The only prejudice or bias complained of by the defendant is the remark in the concluding paragraph quoted above, apparently based upon pre-trial conferences which are not of record.
Our personal knowledge of the conscientiousness and fairness of the trial judge also weighs in favor of a conclusion that bias did not enter into the decision. Nevertheless, the fact remains that the Reasons for Judgment contain an inappropriate statement which is entirely unrelated to the merits of the case. The fact that a litigant may have been unreasonable in compromise negotiation is neither a reason for judgment nor an appropriate finding of fact. With these considerations in mind, we proceed to an examination of the record and the findings of fact related to quantum.
The evidence of Mrs. Jacobs’ injuries consists of her testimony and, by stipulation, an emergency room form of Charity Hospital and three medical reports of Dr. D. W. Aiken. Mrs. Jacobs testified that she went to Charity Hospital right after the accident for treatment, that she went to Charity about 5 times and twice to the Algiers-Fischer Clinic near her home before going to Dr. Aiken. However, the only corroboration offered is one emergency room report dated April 29, 1973 showing a complaint of headaches and dizziness since being hit in head by a tool box one week ago [1], for which some analgesics were prescribed. She testified that her headaches got worse and she started having pains in the back of her neck.
Dr. Aiken first saw her on June 5, 1973, with complaints of headaches, dizzy spells, and soreness in back of her neck. He concluded she had a contusion on top of her head, which had resolved, and a cervical strain resulting from transmitted force from the blow on the top of the head. He found no muscle spasm or limitation of motion but only mild tenderness in the cervical area and some discomfort on extremes of motion. On June 19 he advised *453 her to send her children to be cared for by a relative to assist recovery. He noted she had 10 children and could not rest to alleviate her onsets of headache, etc. On July 19 he noted considerable improvement and prescribed a cervical collar.
Mrs. Jacobs reported again to Dr. Aiken on October 4 telling him she was feeling pretty good but had recurring pain from time to time, but that she presently had a bad headache and some trapezial discomfort. The doctor noted some tenderness in the upper trapezius muscles with mild spasm. He ascribed her pain as being probably precipitated by nervous upset over an injury suffered by her “friend” the night before. He did not discharge her but scheduled her for further examination in six weeks.
On November 14, 1973, Mrs. Jacobs reported to the doctor that she had no headaches or cervical discomfort for a couple of weeks or more. The doctor found no tenderness or muscle spasm and discharged her as having recovered.
We relate this rather lengthy history because we disagree with some of the findings of the trial judge which are not supported by the record. We refer to his finding of treatment from Charity and the clinic “for sure starting a day or so after the accident.” The record shows her first (and perhaps only) treatment to be 13 days later. We refer to his finding that on October 4, 1973, she “still” had muscle spasms. The record shows this to be the only time she had it, with explanation of why it occurred. Finally we refer to his finding that she was in need of treatment when last seen by her doctor. The report of October 4 shows only a need of observation and the report of November 14 shows complete discharge.
We mention these details because we believe this to be the basis upon which the trial judge made the award of $5,000 to plaintiff in his discretion. R.C.C. art. 1934 (3). Since the record shows that the injuries and course of recovery were not so severe or arduous and that recovery was complete, the award should be reduced to the sum of $2,000.
Being of this opinion, we of course dismiss the request for damages for frivolous appeal.
For the above reasons we amend the judgment in favor of plaintiff, reducing it from $5,099 to the sum of $2,099 and, as amended, we affirm it in all respects.
The costs of appeal shall be shared equally by the parties.

AMENDED AND AFFIRMED.

. The record indicates, and the trial judge found, that the accident occurred on April 16,1973.