388 So.2d 75 (1980)
Alfred RIVERE
v.
BELLEFONTE INSURANCE COMPANY.
No. 13369.
Court of Appeal of Louisiana, First Circuit.
June 9, 1980.
Writ Refused September 19, 1980.
Malcolm J. Dugas, Jr., Joffrion & Dugas, Donaldsonville, for plaintiff-appellant.
James M. Funderburk, Duval, Arceneaux, Lewis & Funderburk, Houma, for defendant-appellee.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Plaintiff appealed from the judgment in his favor but for an allegedly insufficient amount. The sole issue is that of the amount to be allowed for car rental.
We affirm.
Plaintiff's car was damaged in a collision with one belonging to defendant's assured. When repairs had been completed all elements of the claims were agreed to except that of car rental during the period required for repair, plaintiff insisting on the full amount of the rental, defendant agreeing to pay the flat rental charge but nothing for mileage. Negotiations broke off, and defendant continued to use the rental car for about 14 months, being unable, he alleges, to pay the repair bill on his own car.
*76 On trial the court allowed the undisputed items plus a rental for one week beyond the time plaintiff's car was ready for delivery. Plaintiff claims he should have the entire cost of rental, $5,364.30, instead of $1,009.85, allowed by the court.
Plaintiff was entitled to recover the cost of a rental car for the time it took to have his own car repaired. Holleman v. Viola, 330 So.2d 627 (La.App. 4th Cir. 1976). The fact that either plaintiff or defendant may have prolonged the time because of a breakdown in compromise negotiations is not a basis on which plaintiff's award can be increased. That a litigant may have been unreasonable in compromise negotiations is neither a reason for judgment nor an appropriate finding of fact. Jacobs v. Kent's Dollar Store of Claiborne Avenue, Inc., 334 So.2d 450 (La.App. 4th Cir. 1976).
For these reasons the judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.