451 So.2d 686 (1984)
John K. McALLISTER, Plaintiff-Appellee,
v.
Isaac RUFFIN, Jr. et al., Defendants-Appellants.
No. 16307-CA.
Court of Appeal of Louisiana, Second Circuit.
June 6, 1984.
Rehearing Denied July 6, 1984.
*687 Lunn, Irion, Switzer, Johnson & Salley by Frank M. Walker, Jr., Shreveport, for defendants-appellants.
James E. Franklin, Jr., Shreveport, for plaintiff-appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
Plaintiff sued the driver, owner and liability insurer of a refrigerated truck for damages resulting from injuries sustained when a pickup truck operated by plaintiff ran into the rear end of the refrigerated truck. Following a trial and judgment in favor of plaintiff, defendants appealed, contending that the trial court erred in (1) failing to find plaintiff was barred from recovery by his contributory negligence and, alternatively, (2) in awarding excessive damages.
For the reasons hereinafter explained, we reverse, finding that plaintiff was contributorily negligent.
At about 3:00 o'clock P.M. on July 7, 1980, McAllister, a 59 year old plumbing contractor, was driving his pickup truck west on East Texas Street in Bossier City. East Texas is a four-lane thoroughfare, with two lanes for eastbound traffic and two lanes for westbound traffic. McAllister was driving in the outer or his far right hand lane. At a point approximately 180 feet west of railroad tracks which cross East Texas Street, McAllister ran into the rear of a refrigerated truck, driven by Isaac Ruffin, Jr., stopped in McAllister's lane of traffic. The weather was clear, visibility was good, and the road surface was dry. This litigation ensued.
At the trial a witness to the accident, Billingley, testified that he was parked behind the refrigerated truck on a grocery store parking lot on the north side of East Texas Street. He observed the truck pull slowly out into the westbound traffic lane of East Texas Street, start west in the outer lane at a speed of from five to ten miles per hour, travel a few feet and slowly stop when the driver was hailed by someone standing across the street. At that time the refrigerated truck was struck in the rear by the McAllister vehicle.
Billingley's wife, a passenger in his vehicle, testified by deposition, stating that she *688 never heard McAllister sound his horn or apply his brakes.
McAllister testified that he was approaching the railroad tracks crossing East Texas Street at a speed of from 30 to 35 miles per hour when he noticed the refrigerated truck in the grocery store parking lot. He slowed to cross the tracks and then picked up speed again. At that time a white car traveling just ahead of him moved partially into his traffic lane and then swerved back into the inner lane [apparently to avoid the parked refrigerated truck]. McAllister stated that he then saw the stopped refrigerated truck ahead of him and ran into it. It was McAllister's testimony that the truck had started backing up.
Ruffin admitted stopping his truck, but denied backing it up. Marshall, the friend who hailed Ruffin, also refuted the assertion that Ruffin was backing up.
In written reasons for judgment, the trial judge concluded that "the sudden stop of defendant's vehicle was a dangerous maneuver and the sole cause of the accident."
As a general rule, when a following vehicle collides with a preceding vehicle the following motorist is presumed to be negligent and must exculpate himself. Lindstrom v. Arnold, 421 So.2d 1178 (La.App. 2d Cir.1982).
There is, however, a sudden emergency doctrine which is available as a defense to the following driver who is proceeding carefully and prudently. Hebert v. Lefty's Moving Service, 389 So.2d 855 (La. App. 4th Cir.1980).
We agree with the trial judge in this case that Ruffin was negligent in stopping his truck on the street. However, we find that the trial court erred in failing to consider whether McAllister, as the driver of the following vehicle, exculpated himself from contributory negligence. The fact is that McAllister practically admitted his contributory negligence. He saw the parked refrigerated truck in his lane of traffic and apparently made no effort whatever to avoid hitting it. There is no record evidence that McAllister either slowed his truck or tried to avail himself of the inner traffic lane. The driver of the white car traveling just ahead of McAllister must have observed the refrigerated truck and was able to avoid hitting it. If McAllister had been keeping a proper lookout there seems to be no reason why he could not have also averted a collision. Consequently, we conclude that plaintiff did not exculpate himself from negligence and that his contributory negligence bars his recovery.
For the reasons stated, we reverse the judgment of the trial court and render judgment in favor of defendants and against plaintiff, dismissing the latter's suit, with costs of court both in the district court and on appeal assessed to plaintiff.