488 So.2d 1163 (1986)
Earl PROTHRO, Plaintiff-Appellant,
v.
Thomas DILLAHUNTY and Stonewall Jackson Insurance Company, Defendants-Appellees.
No. 17822-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1986.
*1165 Goodwin, Wilson & Daye by David Paul Wilson, Shreveport, for plaintiff-appellant.
Mayer, Smith & Roberts by Caldwell Roberts, Alex S. Lyons, Shreveport, for defendants-appellees.
Before HALL, NORRIS and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Earl Prothro, appeals the trial court judgment finding him seventy-five percent negligent in causing the rear end collision in which his car was totally destroyed and his knee was injured. The defendants, Thomas Dillahunty and his insurer, Stonewall Jackson Insurance Company, answered the appeal contending that the trial court erred in finding Dillahunty at fault in causing the accident. Defendants also argue that if plaintiff was entitled to any recovery, the trial court did not err in the amount awarded to plaintiff for general damages. We affirm.

FACTS
Prothro had been experiencing difficulty with his vehicle and on December 22, 1983 he missed work in order to have repairs made. Prothro consulted a mechanic who was unable to do the work for him on that day but advised Prothro the vacuum line should be replaced. Prothro did this work himself and drove the vehicle around during the day to determine whether the problem had been remedied. At approximately 5:30 p.m. Prothro was driving his girlfriend, Lilly Harris, and her sister, Roberta Moore, home from work. While traveling along Youree Drive in Shreveport the vehicle hesitated but did not entirely stop. Prothro continued along Youree Drive until the vehicle stalled and stopped in the curb lane near the intersection of Youree Drive and Wichita Street. Prothro put on his emergency flashers and was about to exit the vehicle when Dillahunty's vehicle ran into the rear of Prothro's vehicle. Dillahunty was following another vehicle which changed lanes to avoid Prothro's vehicle. Dillahunty did not see the Prothro vehicle in time to change lanes and the collision occurred.
Prothro's vehicle was a total loss. He suffered a minor back injury and a soft tissue injury to the left knee. Plaintiff consulted Dr. Joseph Sarpy for treatment of his injuries and quickly recovered from the back injury. The knee injury proved to be more serious. Plaintiff saw Dr. Ragan Green, an orthopedist, who performed arthroscopic surgery on the knee. Dr. Green stated plaintiff's knee showed arthritic changes complicated by the soft tissue injury. Dr. Green removed arthritic debris from plaintiff's knee and plaintiff recovered completely with no permanent disability.
Plaintiff was working two jobs at the time of the surgery and as a result missed nine days from one job and ten days from the other. Prothro was not financially able to purchase another vehicle immediately after the accident. In January, 1984, he rented a vehicle which he drove until June, 1984, incurring a bill in excess of $3,000. Plaintiff sued defendant and his insurer for property damage, loss of use of his vehicle and for personal injury.
The trial was held April 18, 1985. The parties entered into several stipulations regarding the amount of medical bills, the value of Prothro's vehicle, and wrecker and storage charges. The parties also stipulated *1166 that Dillahunty was insured by Stonewall Jackson Insurance Company and that Lilly Harris and Roberta Moore had settled their claims with the company.
At trial, the evidence showed that Prothro was traveling in the right-hand lane at the point where this accident occurred. To the right of the main road was a grassy median separating the main roadway from a service road. Defendants contend that Prothro could have pulled the vehicle onto either the median or the service road in order to remove his vehicle from the main traffic lanes.
The trial court found that both parties were negligent in causing the accident and apportioned the fault at seventy-five percent to Prothro and twenty-five percent to Dillahunty. The court found Prothro was negligent in failing to correct a known defect in the vehicle and in failing to steer off the street onto the grassy area next to the pavement when there was room to do so. The trial court also found that Dillahunty was negligent in failing to timely observe Prothro's vehicle.
In awarding damages, the trial court found that Prothro was entitled to $617.56 in property damage to the car, $80 for the wrecker fee, and $51 for storage. The trial court also found that Prothro was entitled to recovery for rental fees for loss of use of his vehicle for a period of 30 days following discovery of the loss. The trial court also found that although Prothro did not lose wages for the time missed from work, he was, nevertheless, entitled to a total sum of $678.74 as a result of being required to use sick leave time which he would not have lost had it not been for this accident.
The trial court found that plaintiff was entitled to medical fees in the amount of $345 for the services of Dr. Ragan Green, $137.16 to Schumpert Medical Center, $216 for anesthesiology, and $325 for Dr. Joseph Sarpy.
The trial court also held that the plaintiff was entitled to $4,000 in general damages and a $100 expert witness fee for Dr. Green, to be taxed as costs.
The trial court then held that all awards would be reduced by seventy-five percent and entered judgment in favor of Prothro for $2,060.12. Costs were apportioned seventy-five percent to Prothro and twenty-five percent to Dillahunty.
Prothro appealed the judgment of the trial court arguing first that the trial court was manifestly erroneous in finding that Prothro was negligent in failing to properly correct a known defect in his vehicle and in failing to steer the vehicle off the street when he experienced mechanical difficulty; second, the trial court was manifestly erroneous in finding that thirty days was a reasonable period for loss of use of Prothro's vehicle; and third, that the trial court was manifestly erroneous in finding that Prothro was entitled to only $4,000 in general damages.
Dillahunty and his insurer answered the appeal claiming the trial court erred in finding that Dillahunty was at fault in causing the accident and that if Prothro was entitled to any award for general damages, the trial court did not abuse its discretion in its award to Prothro.

FAILURE TO CORRECT A KNOWN DEFECT
The trial court found Prothro was negligent in failing to correct a known defect in his vehicle. The jurisprudence holds that when a party seeks to avoid liability for an accident by claiming the accident was caused by a mechanical defect, he has the heavy burden of proving that he had no notice of the defect and that he used ordinary care to prevent the mechanical defect. Simon v. Ford Motor Company, 282 So.2d 126 (La.1973); Shelmire v. Linton, 343 So.2d 301 (La.App. 1st Cir.1977); Daniels v. Soileau, 311 So.2d 638 (La.App. 3d Cir. 1975). According to the facts of this case, Prothro had notice that the car had a mechanical difficulty causing it to stall. Prothro attempted to remedy the defect himself but was not sure his efforts were successful. In order to determine if the defect had been remedied, Prothro drove *1167 the vehicle on city streets during rush hour traffic. The finding of the trial court that Prothro was negligent in this respect was not clearly wrong and absent such a showing will not be overturned on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973).

FAILURE TO REMOVE VEHICLE FROM ROADWAY
The trial court found that Prothro was traveling in the right-hand lane next to a grassy median at the time his vehicle stalled and that he was traveling at approximately 40 miles per hour. The trial court found that Prothro had sufficient power to steer his car onto the median, out of the lane of traffic, and that his failure to do so constituted negligence.
A determination of negligence is a legal question determined under the duty/risk analysis. Varnado v. Continental Insurance Company, 446 So.2d 1343 (La.App. 1st Cir.1984); Triangle Trucking Company v. Alexander, 451 So.2d 638 (La.App. 3d Cir.1984). Prothro had a duty not to impede the passage of traffic on the highway. Impeding the passage of traffic carried with it the risk of collision with following traffic. Prothro breached this duty by not removing his vehicle from the roadway when it was possible to do so. Therefore, the trial court did not err in finding him to be negligent.

NEGLIGENCE OF THE DEFENDANT
Dillahunty, in his answer to this appeal, argues that the trial court erred in finding he was in any way negligent in causing this accident. He asserts that when confronted with the sudden emergency created by Prothro's stalled vehicle, he could not avoid this accident.
LSA-R.S. 32:81(A) provides:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and condition of the highway.
When a following vehicle collides with a preceding vehicle, the following motorist is presumed to be negligent and must exculpate himself. McAllister v. Ruffin, 451 So.2d 686 (La.App. 2d Cir.1984); Lindstrom v. Arnold, 421 So.2d 1178 (La.App. 2d Cir.1982). The exception to this rule is the sudden emergency doctrine. When the lead car negligently creates a hazard which the following car cannot avoid, the following car will not be presumed negligent. Zeno v. Breaux, 164 So.2d 666 (La.App. 3d Cir.1964), writ denied 167 So.2d 304 (La. 1964).
A motorist has a duty to maintain a lookout ahead and even if an obstruction in the roadway is illegal, he must exercise care to observe and avoid it. Where a stalled car can be seen and avoided by the exercise of the appropriate degree of care, a driver is negligent in failing to see the vehicle and avoid it. Lindstrom v. Arnold, supra.
Under the facts of the present case, Dillahunty was traveling behind another vehicle which successfully changed lanes and avoided hitting the Prothro vehicle. At the time of this accident, it was dusk dark and a light snow was falling. Under these circumstances, had Dillahunty exercised reasonable care in maintaining a proper lookout, he could have avoided this accident. We agree with the trial court that Dillahunty did not exercise this degree of care, was not met with a sudden emergency, and is, therefore, negligent.
The Louisiana Supreme Court has set forth guidelines to consider in apportioning fault. Watson v. State Farm Casualty Insurance Company, 469 So.2d 967 (La.1985). In Watson, the court cited with approval Section 2(b) of the Uniform Comparative Fault Act (as revised in 1979) which provides:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal *1168 relation between the conduct and the damages claimed.
That court also enumerated the following guidelines to consider in assessing the nature of conduct of the parties:
(1) Whether the conduct resulted from inadvertance or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior or inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste without proper thought.[1]
The trial court found that defendant was only twenty-five percent responsible for causing the accident. The plaintiff's actions in operating a defective vehicle and in stopping his vehicle in the roadway, instead of out of the lane of travel, caused the trial court to hold the plaintiff seventy-five percent at fault in causing the accident. The trial court also concluded that defendant's negligence in failing to keep a proper lookout ahead and avoid Prothro's stalled vehicle contributed to the accident to the extent of twenty-five percent. The trial court did not err in apportioning fault and in finding that Prothro was seventy-five percent at fault and Dillahunty was twenty-five percent at fault in causing this accident.

RECOVERY FOR LOSS OF USE OF VEHICLE
Prothro sought to recover damages for loss of use of his vehicle. He rented a car on January 9, 1984 and kept it until June, 1984. Prothro claimed the rental cost for the 149 days driving while he was in possession of the rented car. The trial court found that damages for loss of use are recoverable only for a reasonable time after discovery of the loss and that a reasonable time was thirty days. The trial court found that Prothro discovered his vehicle was a total loss on January 6, 1984. Prothro rented the car on January 9, 1984. Therefore, the trial court allowed Prothro to recover rental fees for the twenty-eight days after discovery of the loss that the car was actually rented.
On appeal Prothro argues he was not financially able to replace the vehicle sooner and the reluctance of the defendant insurance company to negotiate was responsible for the delay.
Damages for loss of use are recoverable only for a reasonable time from discovery of the loss. Brown v. Morgan, 449 So.2d 606 (La.App. 1st Cir.1984); Menard v. Prejean, 374 So.2d 1275 (La.App. 3d Cir.1979); Chambers v. United Cab Company, 381 So.2d 1300 (La.App. 4th Cir. 1980). The fact that finances are not available to replace destroyed property cannot be used to extend the time for recovery of damages for loss of use. Menard v. Prejean, supra; Hoffman v. All Star Insurance Corp. 288 So.2d 388 (La.App. 4th Cir. 1974), writ denied 290 So.2d 909 (La.1974).
Also, failure of the defendant's liability insurer to negotiate a settlement is not a fact to be considered in calculating a reasonable time for recovery for loss of use of a vehicle. Rivere v. Belefonte Insurance Company, 388 So.2d 75 (La.App. 1st Cir. 1980), writ denied 391 So.2d 455 (La.1980).
The trial court's finding that thirty days was a reasonable time to allow for loss of use for Prothro's vehicle was entirely correct and not manifestly erroneous. Therefore this finding by the trial court will not be disturbed. Arceneaux v. Domingue, supra; Canter v. Koehring, supra.

GENERAL DAMAGE AWARD
Plaintiff claims the trial court erred in awarding only $4,000 in general damages. In their answer, defendants claim the trial court did not abuse its discretion in making this award.
Before an appellate court can disturb an award made by a trial court, the *1169 record must clearly reveal that the trier of fact abused its discretion. Reck v. Stevens, 373 So.2d 498 (La.1979); Hughes v. Querbes & Nelson, Inc., 460 So.2d 1161 (La.App. 2d Cir.1984), writ denied 462 So.2d 1265 (La.1985); Norris v. Pool Well Service, Inc., 460 So.2d 1117 (La.App. 2d Cir. 1984). General damages are those which may not be fixed with pecuniary exactitude. They involve mental or physical pain and suffering, inconvenience, loss f intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be definitively measured in monetary terms. Morgan v. Willis-Knighton Medical Center, 456 So.2d 650 (La. App. 2d Cir.1984) and cases cited therein.
In support of his position, Prothro cites cases granting awards higher than that granted in the present case for similar injuries. No two cases are ever exactly the same and the initial determination of abuse of discretion must be made from the individual facts and circumstances of each particular case. Prior awards are of little value in making this determination. It is only after a determination of abuse of discretion has been made that the consideration of prior awards is proper for determining what would be an appropriate award. Reck v. Stevens, supra; Ward v. Louisiana and Arkansas Railway Company, 451 So.2d 597 (La.App. 2d Cir.1984).
Under the facts of this case, we find the trial court did not abuse its discretion in awarding $4,000 to the plaintiff in general damages. The plaintiff suffered an injury which required surgery, and he was required to work for some time in pain before the surgery alleviated his problem. However, the plaintiff suffered no permanent disability resulting from his injury. The record in this case does not reveal that the trial court abused its much discretion in making this award and the award will not be disturbed.

CONCLUSION
For the above stated reasons, the judgment of the trial court is affirmed. Costs of this appeal are apportioned seventy-five percent to plaintiff and twenty-five percent to defendants.
AFFIRMED.
NOTES
[1] This standard was recently applied by this court in a rear-end collision case. Lesniewski v. Fowler Trucking Company, Inc., 471 So.2d 916 (La.App. 2d Cir.1985).