490 So.2d 659 (1986)
John Michael PREST, Plaintiff-Appellant,
v.
STATE DEPARTMENT OF TRANSPORTATION and Travelers Insurance Company, Defendant-Appellee.
No. 17887-CA.
Court of Appeal of Louisiana, Second Circuit.
June 11, 1986.
Writ Denied October 3, 1986.
*660 Richie & Richie by Byron A. Richie, Shreveport, for plaintiff-appellant.
Blanchard, Walker, O'Quin & Roberts by Julie Mobley Lafargue, Roy S. Payne, Shreveport, for defendant-appellee.
Before MARVIN, JASPER E. JONES and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, John Michael Prest, appealed a judgment of the trial court denying his personal injury claim against the Louisiana Department of Transportation and Development (DOTD) and its insurer, Travelers Insurance Company, arising from an auto accident. We affirm the trial court judgment.

FACTS
On the afternoon of May 7, 1985, plaintiff left Shreveport traveling westbound on Interstate 20 on his way to work in Marshall, Texas. The plaintiff picked up a hitchhiker, Mark Allen Wren, shortly before the accident occurred. The plaintiff *661 was traveling in the left-hand lane of Interstate 20. Also traveling in the left-hand lane was a rig owned and operated by the defendant, DOTD, which was spraying chemicals on the median. This vehicle, which was painted bright orange, was traveling at a speed of ten to twelve miles per hour and was equipped with three warning lights, several flags and an emblem on the rear designating it as a slow moving vehicle.
Plaintiff contends he was traveling behind an eighteen wheeler which obstructed his view of the DOTD vehicle. The eighteen wheeler successfully changed lanes to avoid the DOTD vehicle. However, plaintiff failed to change lanes and collided with the rear of the DOTD vehicle.
Plaintiff suffered a fracture of the right femure, multiple contusions and abrasions, a large perforation of the vastus lateralis muscle and a fat emboli syndrome. Plaintiff's injuries required surgery in order to place a rod in his leg and plaintiff was hospitalized for a total of six weeks. Plaintiff sued for the $250.00 insurance deductible on his own pickup truck which he was driving when the accident occurred and for damages resulting from his injuries. The total amount of damages claimed by plaintiff was $372,670.18.
The parties stipulated that an insurance policy written by Travelers Insurance Company for the DOTD was in full force and effect at the time of the accident. The parties stipulated to a bifurcated trial and the only issue presented to the trial court was the issue of the liability of the DOTD.
Plaintiff contended at trial that the cause of the accident was the state's negligence in not placing signs, flags, or other warning devices on the roadway in order to warn approaching traffic of the slow moving vehicle.
The DOTD contended that it exceeded minimum regulations for operating slow moving, highway maintenance vehicles. The DOTD contended that the plaintiff was traveling at an excessive rate of speed and failed to keep a proper lookout.
The trial court found that plaintiff's negligence was the sole cause of the accident, and denied his claim for damages, holding that plaintiff failed to prove his claim by a preponderance of the evidence and failed to prove the negligence of the defendant. The trial court found that the DOTD did everything reasonably required to protect motorists and found that plaintiff was negligent in following too close behind the eighteen wheeler, in traveling at an excessive rate of speed, and in failing to take evasive measures to avoid the collision.
Plaintiff appealed the trial court judgment arguing that the court erred in finding no negligence on the part of the DOTD and finding that plaintiff was totally at fault in causing the accident. In the alternative, plaintiff contends the trial court erred in not finding that the DOTD was at least partially at fault in causing the accident. We find plaintiff's arguments to be meritless and affirm the trial court judgment.

DUTY OF THE DOTD
The plaintiff argues the DOTD created a dangerous condition by operating a vehicle on an Interstate highway at a slow rate of speed. LSA-R.S. 32:263 prohibits the operation of slow moving vehicles on Interstate highways. Plaintiff argues that, by enacting this statute, the legislature recognized the danger created by operating slow moving vehicles on busy Interstate highways. The plaintiff recognizes the DOTD had a competing duty to maintain the highways, and that fulfillment of this obligation would occasionally necessitate a deviation from the requirements of LSA-R.S. 32:263. Plaintiff argues because the danger created by a slow moving vehicle is so great, the DOTD has a high duty to adequately warn approaching motorists of the presence of such a vehicle. The duties of the DOTD to maintain roadways and to do so in a manner that poses the least danger to motorists was recognized in Hale v. Aetna Casualty & Surety Company, 273 So.2d 860 (La.App. 2d Cir.1973), writ denied 275 So.2d 867 (La.1973). There we *662 stated the Highway Department has the duty to maintain roads in a safe condition and that the work necessary to fulfill this obligation must be done in such a way so as not to expose the motoring public to dangers which could be prevented by the use of ordinary and reasonable care. This obligation imposes the duty to adequately warn motorists of the existence of dangers created by road repairs or maintenance.
The DOTD is required by law to adopt minimum safety standards with respect to highway design, construction and maintenance. LSA-R.S. 48:35. Pursuant to this legislative directive, the DOTD has adopted safety regulations for performing moving maintenance operations by slow moving vehicles on two-lane or multi-lane highways. Under such conditions, the DOTD vehicle must have a flashing amber light and a warning sign. In addition, the diagram in the regulations indicates the vehicle must also be equipped with two flags at the rear.
In the present case, the DOTD exceeded the minimum standards required to warn motorists of the presence of a slow moving vehicle. Here, the vehicle was painted bright orange, was equipped with three flashing lights. In addition to the two flags mounted at the rear of the vehicle, a "slow moving vehicle" emblem was attached.
The plaintiff contends that DOTD should have put signs, warning devices, or flares along the roadway to warn motorists of the slow moving vehicle, instead of relying on warning devices solely on the vehicle itself. At trial, testimony indicated these measures would not have been feasible. This spraying rig operated on a ten mile portion of the Interstate. Completely closing this section of the heavily traveled Interstate would have imposed an unreasonable risk to motorists. Signs left on the roadway would soon be too far from the vehicle itself to give effective warning. If signs were placed along the roadway, additional crew members would have been required to move the signs as the spraying operation moved along the roadway to keep the signs within effective warning range.
We agree with the conclusion of the trial court that the DOTD did everything reasonably required to warn motorists of the presence of the chemical spraying rig and was therefore not responsible for causing this accident. The ruling of the trial court is correct.

DUTY OF THE PLAINTIFF
Under LSA-R.S. 32:81, the plaintiff had a duty not to follow another vehicle more closely than was prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway. When a following vehicle collides with a preceding vehicle, the following motorist is presumed to be negligent and must exculpate himself. A motorist also has a duty to maintain a lookout ahead and observe any obstructions present and exercise care to avoid them. McAllister v. Ruffin, 451 So.2d 686 (La.App. 2d Cir.1984); Lindstrom v. Arnold, 421 So.2d 1178 (La. App. 2d Cir.1982), writ denied 423 So.2d 1183 (La.1982).
The exception to this rule is the sudden emergency doctrine. According to this doctrine, one who finds himself in a position of imminent peril, without sufficient time to consider and weigh all the circumstances or best means to adopt to avoid an impending danger, is not guilty of negligence if he fails to adopt what subsequently and upon reflection may appear to be the better method unless the emergency is brought about by his own negligence. Hickman v. Southern Pacific Transport Company, 262 So.2d 385 (La.1972). In the present case, the plaintiff argues that the presence of the slow moving DOTD vehicle created a sudden emergency. However, the record indicates plaintiff was not met with a sudden emergency because any emergency which existed was created by his own negligence.
In addition to the plaintiff's duties of not following too closely behind preceding vehicles and his duty to maintain a proper lookout, the plaintiff had a duty not to exceed the speed limit of 55 miles per hour. *663 Deputy Sheriff Don Majure who investigated the accident testified that there were 69 feet of skid marks on the roadway left by the Prest vehicle and that the Prest vehicle pushed the DOTD vehicle 114 feet. Majure concluded Prest was still traveling at a speed of 54 miles per hour at the moment of impact.
At the time of the accident, Prest was driving with a hardship license because his regular driver's license had been revoked due to his numerous tickets for speeding.
The hitchhiker, Mark Allen Wren, testified that Prest was traveling at 95 miles per hour prior to the accident and that he increased his speed when he saw the DOTD vehicle. These factors lead to the inescapable conclusion that plaintiff was exceeding the speed limit at the time this accident occurred.
Prest indicated he did not change lanes in order to avoid the DOTD vehicle due to traffic in that lane. Prest was asked why, when he saw the DOTD vehicle, he did not steer onto the median. He indicated this was not done for fear of entering the opposite, or eastbound, lanes of traffic.
The record also indicates that the portion of the Interstate highway on which this accident occurred is level and straight; there are no obstructions blocking the view of the traveling public. Also, the accident occurred on a sunny day, during daylight hours. The plaintiff was following behind an eighteen wheeler which successfully changed lanes and avoided hitting the DOTD vehicle. Had the plaintiff been traveling at a slower rate of speed, exercised reasonable care in maintaining a proper lookout, and had not been following too closely behind the eighteen wheeler, he could have avoided this accident. The trial court decision finding that the accident was caused solely by the negligence of the plaintiff was not manifestly erroneous and will not be disturbed on appeal. Arceneaux v. Domingue, 365 So.2d 1330 (La. 1970); Canter v. Koehring Company, 283 So.2d 716 (La.1973).[1]
Plaintiff relies heavily on the case of Stephens v. State, Through Department of Transportation, 440 So.2d 920 (La.App. 2d Cir.1983). In that case, the Highway Department was repairing potholes on the Interstate. A flagman was posted a scant fifty feet from the repair operation. As plaintiff approached the worksite in his eighteen wheeler, a car passed him and then pulled back in front to avoid the workers. The car also slowed considerably and the plaintiff went onto the median to avoid hitting the car. In an attempt to get back onto the roadway, plaintiff overcorrected and overturned. In that case we recognized the duty of the Highway Department to adequately warn motorists of road repairs and found the Highway Department breached this duty. In Stephens, the Highway Department had failed to comply with even minimum safety regulations set forth in the "Maintenance Traffic Control Handbook." In the present case, the DOTD not only met the minimum safety requirements, but greatly exceeded them. Because the DOTD took reasonable measures to warn approaching motorists of the presence of the slow moving vehicle, no negligence was present.

CONCLUSION
For the above stated reasons, the decision of the trial court finding the accident was caused solely through the negligence of the plaintiff is affirmed.
AFFIRMED.
NOTES
[1] The present case is distinguishable from other rear-end collision cases recently decided by this court. In both Lesniewski v. Fowler Trucking Company, 471 So.2d 916 (La.App. 2d Cir.1985), and Prothro v. Dillahunty, 488 So.2d 1163 (La. App. 2d Cir.1986), there was a factual determination that the defendant was partially at fault in causing the accident. In the present case, the presence of the DOTD vehicle did not constitute negligence and reasonable measures were taken to warn approaching motorists.