503 So.2d 1069 (1987)
Maurice BROWNELL, Plaintiff-Appellant,
v.
DIETZ MOTOR LINES, et al., Defendant-Appellee.
No. 18436-CA.
Court of Appeal of Louisiana, Second Circuit.
February 25, 1987.
Writ Denied April 23, 1987.
*1070 Bodenheimer, Jones, Klotz & Simmons by Frank H. Thaxton, III, Shreveport, for plaintiff-appellant.
Blue, Williams & Buckley by Stephen M. Little, Metairie, for defendant-appellee.
Before HALL, JASPER E. JONES and LINDSAY, JJ.
LINDSAY, Judge.
The plaintiff, Maurice Brownell, filed suit against the defendants, Billy Ray Bolick, Dietz Motor Lines, and Northwest National Insurance Company for the wrongful death of his wife, Betty White Brownell, and for her pain and suffering prior to death, claiming damages totalling $1,305,000. The case was tried before a jury and the jury found the defendants free from negligence. The plaintiff appealed. We affirm the trial court judgment.

FACTS
The facts of this case are not in dispute. Billy Ray Bolick was employed by Dietz Motor Lines. His duties included driving a large tractor trailer rig to certain locations to deliver furniture. The truck owned by Dietz Motor Lines and driven by Bolick, was insured by Northwest National Insurance Company.
On June 12, 1984, a bright sunny morning, Bolick was to make a furniture delivery to a private residence on Benton Road in Bossier Parish. Benton Road is a four lane thoroughfare with two lanes running north and two lanes running south. Bolick arrived at the specified address at approximately 10:00 a.m. As there was no shoulder on the road and Bolick's truck was too large to pull into the driveway of the residence, Bolick pulled the truck to the far edge of the right-hand lane, northbound, put on the emergency flashers and walked up to the house to make sure he had arrived at the correct location.
The plaintiff's wife, Betty Brownell, a supervisory employee of Bossier Parish School Board, was traveling northbound on the Benton Road, in the right-hand lane, on her way to a business meeting in Benton. As she approached the truck which was stopped in her lane of travel, she failed to change lanes, reduce her speed, or apply her brakes. Mrs. Brownell's vehicle collided with the rear of the truck. Mrs. Brownell *1071 suffered severe head and chest injuries and she died at Bossier Medical Center approximately two hours following the accident.
Maurice Brownell, decedent's husband, filed suit against the defendants, claiming Bolick was negligent in failing to properly warn oncoming traffic that the truck was stopped and in leaving the truck on the roadway rather than moving it into a driveway or onto a nearby residential street. Defendants answered and claimed Mrs. Brownell's negligence was the sole and proximate cause of the accident.
The case was tried before a jury which found on March 12, 1986 that Bolick was not negligent and did not cause the accident. A judgment to that effect was signed March 14, 1986.
The plaintiff appealed, urging three assignments of error which essentially assert that the jury was clearly wrong in finding the defendant, Billy Ray Bolick, to be completely free of negligence in causing the accident. Plaintiff does not contend that Mrs. Brownell was totally free from fault, but he does argue that the defendant, Billy Ray Bolick, was at least partially at fault in causing the accident and that, applying the principles of comparative negligence, the defendant should be assessed with a percentage of the fault in causing the accident and should be required to pay the plaintiff a portion of the damages sustained in the accident.
LSA-R.S. 32:141 provides in pertinent part:
Upon any highway outside of a business or residence district, no person shall stop, park, or leave standing any vehicle, whether attended or unattended, upon the paved or main traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of said highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicles shall be available from a distance of two hundred feet in each direction upon such highway....
The plaintiff acknowledges that the statute does not technically apply to this case because the truck was stopped in a residential area. Therefore, the plaintiff does not argue that Bolick's action in stopping the truck on the road constituted negligence per se. However, the plaintiff argues that Bolick's action in stopping the truck created a risk of harm that a confused or inattentive driver would collide with the vehicle, and that the risk of harm created a duty not to stop the vehicle on the roadway. Plaintiff argues that Bolick should have either pulled the truck into the driveway of the residence or should have pulled the truck onto a nearby residential street.
Testimony at trial indicated that Bolick could not pull the truck into the driveway without doing substantial damage to the lawn and utility poles at the residence and that Bolick was unsure whether the nearby residential street was a through street or a dead end street which would necessitate backing the large truck out onto Benton Road after the delivery had been made.
LSA-C.C. Art. 2323 provides:
When contributory negligence is applicable to a claim for damages, its effect shall be as follows:
If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to degree or percentage of negligence attributable to the person suffering the injury, death or loss.
In order to recover against the defendant, the plaintiff was required to show that Bolick was negligent in leaving the truck parked on the roadway and that his negligence was the cause of this accident. Harris v. Pizza Hut of Louisiana, 455 So.2d 1364 (La.1984); Thomas v. Missouri Pacific Railroad Company, 466 So.2d 1280 (La. 1985); Vicknair v. Hibernia Building Corporation, 479 So.2d 904 (La.1985).
Causation and apportionment of fault are questions of fact which should not *1072 be overturned absent a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La.1973); Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La. 1985); Prest v. State Department of Transportation, 490 So.2d 659 (La.App. 2d Cir.1986), writ denied 494 So.2d 328 (La. 1986); Prothro v. Dillahunty, 488 So.2d 1163 (La.App. 2d Cir.1986); Swint v. Progressive Insurance Company, 485 So.2d 194 (La.App. 2d Cir.1986); Lesniewski v. Fowler Trucking Company, Inc., 471 So.2d 916 (La.App. 2d Cir.1985); Towns v. Georgia Casualty and Surety Company, 459 So.2d 124 (La.App. 2d Cir.1984); Sampy v. Roy Young, Inc., 425 So.2d 284 (La. App. 3rd Cir.1982).
The jury, the trier of fact in this case, determined that Bolick's action in parking the truck on the street was not the cause of the accident, but rather the accident was caused by the decedent in failing to keep a proper lookout and in failing to see what she should have seen. A motorist has a duty to maintain a lookout ahead and even if an obstruction of the roadway is illegal, he must exercise care to observe and to avoid it. Lindstrom v. Arnold, 421 So.2d 1178 (La.App.2d 1982); Prothro v. Dillahunty, supra.
When a following vehicle collides with a preceding vehicle, the following motorist is presumed to be negligent and must exculpate himself. McAllister v. Ruffin, 451 So.2d 686 (La.App. 2d Cir.1984); Lindstrom v. Arnold, 421 So.2d 1178 (La.App. 2d Cir.1982), writ denied 423 So.2d 1183 (La.1982).
Under the facts of this case, the plaintiff failed to overcome the presumption that the decedent was negligent and that her negligence was the sole cause of the accident. The testimony presented at trial showed that this accident occurred during daylight hours on a bright, sunny day. At the point where this accident occurred, Benton Road is a broad, straight, four lane road. At the time the accident occurred, there was only light traffic in the area. The road had no shoulders and the speed limit was 45 miles per hour.
The record shows that it was not feasible to pull the truck off the road into a driveway or onto a nearby residential street. The truck would have caused considerable damage to utility poles and to lawns if pulled into the driveway. Bolick had no way of knowing if the residential street was a through street or a dead end street which, upon leaving the area, would require him to back the truck onto Benton Road, a maneuver which would have presented an even greater risk of danger to oncoming traffic.
Bolick did not place flares or warning signs around the truck. However, he did turn on his emergency flashers. Plaintiff failed to make a showing that Bolick was required to do more than turn on his flashers, nor was there any showing that the placement of signs and flares would have increased the visibility of this large vehicle, with large letters across the back and with emergency flashers on, stopped in the decedent's lane of travel.
In this case, the evidence was adequate from which the trier of fact could reasonably conclude that the decedent's negligence was the sole cause of the accident. The driver of the truck chose the only reasonable alternative available in stopping the truck. Only one lane of travel was blocked and emergency flashers on the truck gave warning of the fact that the truck was stopped.
The truck was very large and had large, highly visible letters on the back. The decedent had an unobstructed view of the truck for a long distance. The accident occurred during daylight hours and during ideal weather conditions. The decedent had adequate warning that the truck was not moving and she could have changed lanes to avoid the truck. The record shows no reason why the decedent failed to see the truck and avoid it. The absence of skid marks at the accident scene indicates that the decedent failed to apply her brakes at all before colliding with the rear of the truck.
Plaintiff relies heavily on our recent case of Prothro v. Dillahunty, supra, in arguing that apportionment of fault should be made between the decedent and the defendants. *1073 However, we note that the facts of Prothro are distinguishable from those of the present case. In Prothro, the plaintiff whose vehicle stalled on a city street and was then struck from the rear by defendant's vehicle had adequate warning that his vehicle might stall and also had ample opportunity to steer his vehicle onto a grassy median, out of the traveled portion of the roadway. In the present case, the defendant had no such opportunity. As in Swint v. Progressive Insurance Company, supra and Prest v. State Department of Transportation, supra, the sole cause of the accident was the failure of the driver of the following car to keep a proper lookout and to see what he should have seen.
Because we find that the trier of fact was not manifestly erroneous in finding Bolick free from negligence in causing the accident, we need not address the other arguments raised by plaintiff concerning apportionment of fault between the decedent and the defendant and the trial court's failure to make an award of damages to the plaintiff.

CONCLUSION
For the above stated reasons, we affirm the trial court judgment dismissing plaintiff's claims. Costs on appeal and below are taxed to the plaintiff.
AFFIRMED.