ALFORD, Judge.
The defendant, City of Baton Rouge/Parish of East Baton Rouge (City-Parish), appeals the trial court’s judgment finding the City-Parish to be fifty percent (50%) at fault in a vehicular accident between one of the plaintiffs, Regina Jackson, and another defendant, Carolyn A. Morris, which occurred on a Baton Rouge city street. The plaintiffs and Ms. Morris, as third party defendant, and her insurer answered the appeal.
FACTUAL BACKGROUND
On July 29, 1985, at about 4:20 p.m., the parties were involved in a two-car accident at the intersection of 69th Avenue and Goode Street in Baton Rouge. Ms. Jackson, who was operating a vehicle owned by a plaintiff, Marshall Stallion, was eastbound on 69th, which was the favored street. Another plaintiff, Patricia Williams, was a passenger in the Jackson vehicle. Ms. Morris, who was operating her own vehicle, was northbound on Goode. Goode was supposed to be controlled by a stop sign, however, the sign was not in place. The vacant lot on the northwest comer of the intersection of Goode and 69th was overgrown with tall grass. Ms. Morris did not notice Ms. Jackson approaching from her left and proceeded into the intersection without stopping. She was near the middle of the intersection when she was struck on the left front side by the front of Ms. Jackson’s vehicle. The police investigated the accident but did not issue any tickets. Ms. Jackson suffered an abrasion on her right leg and muscle strains to her back which had resolved by November 19, 1985. Ms. Williams sustained an abrasion on her forehead, a sprained right ankle and muscle strains to her back which had also resolved by November 19, 1985. Ms. Morris suffered a cervical strain from which her doctor stated she should fully recover. Each vehicle was heavily damaged.
PROCEDURAL HISTORY
On September 9, 1985, Mr. Stallion, Ms. Jackson and Ms. Williams filed suit against Ms. Morris, Cumis Insurance Society, Inc. (Cumis) and the City-Parish. Ms. Morris, Cumis and the City-Parish filed reconven-tional demands against Ms. Jackson and third-party demands against each other. Thereafter, trial on the merits was held on December 2 and 3,1987. Prior to trial, the reconventional demands against Ms. Jackson were dismissed. After presentation of the plaintiffs’ case-in-chief, the trial judge granted Cumis’ and Ms. Morris’ motion for an involuntary dismissal, finding that no evidence of fault had been presented by plaintiffs. Ms. Morris and Cumis then proceeded as plaintiffs in cross-claim against the City-Parish, and the City-Parish followed with its case against Ms. Morris and Cumis.
The court then issued two written judgments on January 11, 1988, one of which held that Ms. Morris and Cumis were dismissed from all claims lodged by the plaintiffs: Mr. Stallion, Ms. Jackson and Ms. Williams. This judgment was not appealed and is final. The second judgment cast the City-Parish with 50% fault, Ms. Jackson with 25% fault and Ms. Morris with 25% fault and awarded Mr. Stallion $400.00 plus legal interest and costs against the City-Parish; Ms. Jackson general damages of $250.00 plus specials and legal interest against the City-Parish less 25% fault; Ms. Williams $250.00 general damages plus specials and legal interest and costs against the City-Parish; Ms. Morris general damages and her medical deductible plus legal interest against the City-Parish less 25% fault; Cumis recovery on its subrogation demand plus legal interest from the City-Parish less Ms. Morris’ 25% fault, and *566 the City-Parish recovery from Ms. Morris and Cumis for 25% contribution on payments made by the City-Parish to Mr. Stallion, Ms. Jackson and Ms. Williams.
The City-Parish then perfected this de-volutive appeal, contending the trial judge erred (1) in finding that the City-Parish had knowledge or notice of the missing stop sign and (2) in finding the City-Parish liable when the sole cause of the accident was driver negligence. The plaintiffs answered the appeal requesting that the amount of the judgments be increased, and Ms. Morris as third-party defendant and Cumis answered the appeal seeking modification of the liability assessed against Ms. Morris and affirmance of the amount of judgments as to Ms. Morris and Cumis.
At the outset, we note that Ms. Morris, as third-party plaintiff/appellee, seeks in her brief to increase her damage award. However, Ms. Morris did not appeal or answer the appeal in this capacity. An appellee who seeks to revise or modify a judgment must file an appeal or answer to an appeal within the time delays. Failure to appeal or answer an appeal precludes this court’s review of any issues asserted solely in brief. Hospital Corporation of America v. Robinson, 499 So.2d 246 (La. App. 1st Cir.1986). Therefore, we will not consider Ms. Morris’ assertions as to increased damages which were raised solely in her brief.
LIABILITY
As is well settled jurisprudentially, a trial court’s finding of fact will not be disturbed on appeal unless manifestly erroneous. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). A trier’s findings as to percentages of fault are factual and, in the absence of clear or manifest error, must be upheld on appeal. Triangle Trucking Co. v. Alexander, 451 So.2d 638 (La.App. 3d Cir.1984). When assigning percentages of fault attributable to each tortfeasor, the court should consider the nature of each party’s conduct and the extent of the relation between the conduct and the damages suffered. Kyle v. City of Bogalusa, 506 So.2d 719 (La.App. 1st Cir.1987).
As to the duties and responsibilities of motorists, a driver on a favored highway has the duty of ordinary care toward drivers entering from side streets or private drives. Calk v. Grain Dealers Mutual Insurance Company, 508 So.2d 624 (La.App. 2d Cir.1987). Therefore, although a motorist may assume that a stop sign will be obeyed by other motorists, he must nevertheless exercise caution that is commensurate with the circumstances. Spencer v. Hynes, 452 So.2d 1291 (La.App. 3d Cir.1984). In the instant case, the circumstances included a missing stop sign, which Ms. Jackson did not know about, and an overgrown yard, which Ms. Jackson, who lived in the area, was familiar with. Ms. Jackson stated that she did not know if the other street (Goode) had a traffic control device and she admitted that the vacant lot was so grown up that it obstructed her vision. Therefore, we cannot say that the trial court was in error in finding “that she knew that a grassy area would obstruct her view of the intersection, yet she neither slowed the speed of her vehicle, nor looked for the approach of other vehicles.”
A driver, when approaching an intersection which appears to be uncontrolled, must keep a proper lookout as she enters the intersection. Watson v. Department of Transportation and Development, 529 So.2d 427 (La.App. 1st Cir.), writ denied, 533 So.2d 361 (La.1988); Peterman v. City of Hammond, 378 So.2d 181 (La. App. 1st Cir.1979). As stated in Burrow v. Commercial Union Assurance Companies, 419 So.2d 479, 485 (La.App. 3d Cir. 1982), writ denied, 423 So.2d 1162 (La. 1982), the
duty of reasonable care required that upon coming to an apparently uncontrolled intersection with a partially obstructed view between the two streets, [the driver] should have ascertained that it was safe to cross by coming to a complete stop, if necessary, before proceeding.
In the instant case, Ms. Morris not only admitted that she noted the overgrown lot but also admitted that she was unfamiliar with this area. Thus, once again, we can *567 not say that the trial court erred in finding her behavior unreasonable under the circumstances.
As to the City-Parish’s duties and responsibilities, a governmental authority that undertakes to control traffic at an intersection has a duty to the motoring public to exercise a high degree of care in maintaining devices installed for traffic control. Watson, 529 So.2d at 430. To be liable in negligence, or in strict liability, the governmental authority must have had actual or constructive notice that a danger such as a missing stop sign existed. See La.R.S. 9:2800; Watson, 529 So.2d at 431. In the instant case, employees of the City-Parish testified that they had crews assigned to each area to patrol and look for downed stop signs. Mr. James Cook, Jr., supervisor of sign maintenance crews, estimated that it would take a month to patrol every street in his area, with some areas patrolled more often in response to downed signs. He also testified that stop signs were frequently down in the area where the accident happened. Testimony from independent witnesses indicated that the sign had been down between two weeks and a month. Therefore, we are unable to say that the trial court erred in finding that City-Parish had notice, and “had violated its duty to maintain traffic controls in a reasonable manner.”
Thus, we find no error with the trial court’s finding of liability on the part of all parties. Furthermore, we find no clear or manifest error in the percentages of fault assigned to the respective parties.
QUANTUM
Ms. Jackson and Ms. Williams allege that the trial court abused its discretion in awarding $250.00 each in general damages. The trier of fact has much discretion in the assessment of damage awards. La.C.C. art. 2324.1. Before an appellate court can disturb a trial court award, the record must clearly reveal an abuse of discretion. Only after finding such abuse can the appellate court modify the award, and then only to the extent of lowering it to the highest point or raising it to the lowest point which is reasonably within the lower court’s discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The initial inquiry must examine the individual circumstances of the case, i.e., the particular injuries and their effects on the injured person, to determine if there has been a clear abuse of discretion, and only after finding an abuse can prior awards be examined. Reck v, Stevens, 373 So.2d 498 (La.1979).
Ms. Jackson’s injuries were diagnosed as an abrasion of the right leg and muscle strain to the back. She was treated for the back injury until November 19, 1985, at which time she was released in good condition. Ms. Jackson testified that she was taken to the hospital following the accident and that she was released with some muscle relaxers. She then contacted her family physician and saw him twice for low back pain. She switched doctors ánd was treated by Dr. Henry C. Dixon from the middle of September until her release. Ms. Jackson indicated that both her back and neck hurt and that she underwent heat treatments four or five times. At the time of the accident, Ms. Jackson was unemployed. In March of 1986, she began work as a roofer. Therefore, while Ms. Jackson proved no lost wages or permanent disability, it is evident that she suffered discomfort for approximately three and one half months which required heat treatments and muscle relaxers. An award of $250.00 general damages was clearly an abuse of the judge’s discretion. A review of awards leads us to raise the award to $1,750.00, the lowest amount reasonably within the lower court’s discretion.
Ms. Williams’ injuries were diagnosed as an abrasion to the forehead, pa-ravertebral muscle strain and a sprained right ankle. At the time of the accident, Ms. Williams was pregnant but there was no indication that her pregnancy suffered any problems as a result of the accident. She was treated for the back problem and sprained ankle until November 19, 1985, at which time she was released without need of further therapy. Dr. Dixon, the treating physician, indicated that he felt her low back pain was secondary to her pregnancy and not related to the accident.
Ms. Williams testified that she was taken to the hospital following the accident and *568 then released. She then contacted an orthopedist who examined her and placed her ankle in a stiff bandage and told her to continue using crutches for a while. Testimony revealed she used crutches for approximately three weeks. She was also treated by Dr. Dixon where she underwent seven heat treatments until her release in November. At the time of the accident, Ms. Williams was also unemployed. Therefore, while Ms. Williams also failed to prove any lost wages or permanent disability, it is evident that she too suffered discomfort for approximately three and one half months which required heat treatments. An award of $250.00 general damages was clearly an abuse of the judge’s discretion. A review of awards leads us to raise the award to $1,750.00, the lowest amount reasonably within the lower court’s discretion.
CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court in all respects except the damage awards to Ms. Williams and Ms. Jackson. We hereby amend the judgment to increase the general damage award to $1,750.00 for Ms. Williams and $1,750.00 for Ms. Jackson. The City-Parish is cast with appellate court costs.
AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.