561 So.2d 897 (1990)
Garfield COLEMAN, Plaintiff-Appellant,
v.
Willie C. RABON, et al., Defendants-Appellees.
No. 21442-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Rehearing Denied June 14, 1990.
*898 Sherburne Sentell, Minden, Nelson, Hammons & White, Shreveport by John L. Hammons, for plaintiff-appellant.
Hayes, Harkey, Smith, Cascio & Mullen by Thomas M. Hayes, III, Theus, Grisham, Davis & Leigh by Thomas G. Zentner, Jr., Monroe, for defendant-appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
*899 LINDSAY, Judge.
The plaintiff, Garfield Coleman, appeals from a trial court judgment rejecting his claim for damages against the defendants, Willie C. Rabon, Kenneth Rabon and the City of Ruston. We affirm the trial court judgment.

FACTS
At approximately 8:00 a.m. on July 5, 1985, a rainy morning in Ruston, Louisiana, a car hit a utility pole at the intersection of Trenton and California Streets, knocking out the signal box for the traffic lights. Ruston police placed a temporary stop sign on Trenton Street, making that street inferior to traffic on California. The stop sign was a regular, octagonal shaped red sign mounted on a pole set into a tire rim. This sign was placed in the middle of Trenton Street, between the two lanes of traffic.
Around 10:00 a.m. that morning, Garfield Coleman, an elderly gentleman, approximately 80 years old, operating his auto in a southerly direction on Trenton Street, approached the intersection of Trenton and California Streets. Trenton is a two lane, one-way street on which traffic travels south. California has two-way traffic going east and west.
The plaintiff claimed another car was in the left-hand lane on Trenton Street and traveled across the intersection. The plaintiff then asserts he eased out into the middle of the intersection and was at a dead stop in the middle of the intersection when his vehicle was struck on the left front portion by a vehicle owned by Willie Rabon and operated by his adult son, Kenneth Rabon.
The plaintiff suffered a mild cervical strain at the time of the accident, but approximately two weeks later, he began having fainting spells. He was taken to LSUMC where it was determined he had a blood clot in the brain. Surgery was performed to remove the blood clot. The plaintiff claims that as a result of this head injury, he still has frequent headaches, watery eyes and a portion of his skull is missing at the point of surgery, leaving him with a soft spot on his head.
The plaintiff filed suit against Kenneth Rabon and against Willie Rabon, the owner of the car driven by Kenneth. The plaintiff claimed Kenneth was on a mission for his father at the time of the accident.
The plaintiff also sued the City of Ruston and the State, through the Department of Transportation and Development.
Trial was held in February, 1989. On the morning of trial, the plaintiff settled with the State. His claim against the State and the State's third party demands against Willie Rabon and the City of Ruston were dismissed with prejudice. The plaintiff then proceeded to trial against Willie and Kenneth Rabon and the City of Ruston.
At trial, Kenneth Rabon testified that he was not on business for his father at the time of the accident. He claimed he was traveling in a westerly direction on California at around 25 mph, but then slowed down when he saw the nonworking traffic light. As he neared the intersection, Rabon testified that plaintiff, who was traveling south on Trenton Street, entered the intersection and then came to a dead stop. According to Rabon, there was no time to avoid a collision.
The plaintiff claimed in his petition that there were stop signs on California Street as well as Trenton Street and that the sign on California obstructed his vision. Testimony of Ruston police showed that only one stop sign was placed at the intersection and that sign was on Trenton Street.
The plaintiff also claims that the actions of the Ruston Police violated a mayoral directive which provided that when a malfunctioning signal is reported, a police officer is to remain at the site to control traffic when circumstances permit. According to the police, there were not enough officers on duty that morning to post one at the intersection, therefore the temporary stop sign was utilized.
The trial court granted judgment in favor of the defendants, rejecting the plaintiff's claims. The court found that Kenneth Rabon was on a personal mission and that Willie Rabon was in no way liable for the accident.
*900 The court found that Kenneth Rabon was proceeding at about 25 mph as he traveled west along California Street, but slowed his speed as he approached the nonfunctioning traffic light at California and Trenton Streets. The court found that the plaintiff saw the stop sign on Trenton Street and in fact did stop. The court reasoned that it was then the plaintiff's duty to determine when it was safe to proceed. The plaintiff then proceeded into the intersection before it was safe to do so, and therefore his negligence was the sole cause of the accident. The court found the plaintiff darted out in front of Rabon, making the accident unavoidable.
The court also found that the City of Ruston was not liable for causing the accident. The court found there was not enough manpower to post an officer at the intersection and that placing the portable stop sign on Trenton Street was a reasonable measure under the circumstances.
The plaintiff appealed the trial court judgment, assigning numerous assignments of error.

MOTORIST FAULT
The plaintiff essentially argues that the trial court erred in finding him to be solely at fault in causing this accident. The plaintiff claims that the defendant, Kenneth Rabon, was at least partially at fault in causing the collision. The plaintiff claims the trial court erred in failing to find that the plaintiff had preempted the intersection and was "dead stopped" in the middle of the intersection when the accident occurred. The plaintiff also argues the trial court erred in failing to find that the plaintiff's vision was obstructed at the intersection. These arguments are meritless.
It is undisputed that Kenneth Rabon was traveling along California Street, the favored street, within the speed limit. A driver on a favored highway has the duty of ordinary care toward drivers entering from side streets or private drives. Stallion v. Morris, 546 So.2d 563 (La.App. 1st Cir.1989); Calk v. Grain Dealers Mutual Insurance Company, 508 So.2d 624 (La.App. 2d Cir.1987). He must exercise ordinary care and may rely upon the assumption or presumption that vehicles entering the roadway from less favored positions will not drive into the path of favored traffic. Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App. 2d Cir.1986). Although a motorist may assume that a stop sign will be obeyed by other motorists, he must nevertheless exercise caution that is commensurate with the circumstances. Stallion v. Morris, supra.
The plaintiff was attempting to proceed across a favored thoroughfare from an inferior street. Traffic flow on the inferior street was regulated by the portable stop sign on Trenton Street. Therefore, the plaintiff was bound by LSA-R.S. 32:123, which provides, in pertinent part:
A. Preferential right of way at an intersection may be indicated by stop signs or yield signs.
B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.
When a motorist is confronted with a stop sign legally located at an intersection, it is his duty to bring his vehicle to a complete stop, to appraise traffic in the intersecting street, and to make certain that the way is clear for him to make clear passage across the intersection before he enters it. Vallery v. State, Department of Transportation and Development, 480 So.2d 818 (La.App. 3rd Cir.1985), writ denied 481 So.2d 1350 (La.1986); Burge v. Doty, 279 So.2d 273 (La.App. 2d Cir.1973), writ denied 281 So.2d 757 (La.1973).
*901 When a motorist stops his vehicle before entering a right-of-way street, he has performed only half of the duty which the law has imposed upon him. To stop and then proceed in the immediate path of oncoming vehicles constitutes gross negligence. Vallery v. State, Through Department of Transportation and Development, supra.
The plaintiff argues that he had preempted the intersection when he was struck by Rabon. Therefore, plaintiff argues, it was Rabon and not the plaintiff who caused the accident.
In order to preempt an intersection, the driver on the inferior street must show that he made a lawful entry onto the favored street after ascertaining that oncoming traffic was sufficiently far removed to permit safe passage so that his crossing will not require an emergency stop from any right-of-way traffic. Burge v. Doty, supra. In order for the doctrine for preemption to apply, the evidence must show that the driver on the inferior street has maintained a proper lookout and has entered the intersection when it is reasonably safe to do so. Cloney v. Smith, 441 So.2d 342 (La.App. 5th Cir.1983), writ denied 444 So.2d 608 (La.1984); Semien v. State Farm Mutual Automobile Insurance Company, 398 So.2d 161 (La.App. 3rd Cir. 1981).
Causation and apportionment of fault are questions of fact which should not be overturned absent a showing of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262, writ denied 374 So.2d 660 (La.1979); Canter v. Koehring, 283 So.2d 716 (La.1973); Brownell v. Dietz Motor Lines, 503 So.2d 1069 (La.App. 2d Cir.1987), writ denied 505 So.2d 60 (La.1987). The trial judge is in a better position to evaluate the credibility of witnesses and the weight of evidence than an appellate court which does not see or hear the witnesses. For this reason, a reviewing court should adopt the trial court's findings as its own in the absence of clear error, even if other conclusions from the same evidence are equally reasonable. Calk v. Grain Dealers Mutual Insurance Company, supra.
In the present case, the trial court found that Kenneth Rabon was preceding lawfully along the favored highway at a reasonable rate of speed and that he further slowed his vehicle when he became aware that the traffic light at California and Trenton Streets was not functioning. He was confronted with the action of the plaintiff who pulled into Rabon's lane of traffic and then suddenly stopped his car in the middle of the intersection. Rabon attempted to avoid striking the plaintiff, but could not maneuver around him due to oncoming traffic on California Street. Rabon struck the plaintiff's vehicle on the left front fender, supporting the trial court finding that the plaintiff had not preempted the intersection at the time the accident occurred.
The plaintiff testified that he was aware that the traffic light on Trenton Street was not functioning and was aware that a portable stop sign on that street required him to stop before entering the intersection. He stopped at the stop sign and then proceeded into the intersection when he thought the way was clear. He also stated he never saw Rabon's vehicle until the impact. Further, the plaintiff claimed at various times that his vision was obstructed by utility poles, barricades and stop signs on California Street.
It was shown at trial that no barricades were used at the intersection, no stop signs were utilized on California Street and that plaintiff's visibility was not obstructed by the utility pole at the intersection. The trial court found that the plaintiff negligently entered the intersection when it was not safe to do so and that the plaintiff's action was the sole cause of the accident.
From these factors, it is clear that the trial court was correct in finding that the plaintiff failed to see what he should have seen, that Kenneth Rabon did not violate any of his duties and that Rabon could not avoid the accident. The trial court correctly determined that the plaintiff's negligence was the sole cause of the accident.

*902 RUSTON'S LIABILITY
The plaintiff argues that the City of Ruston is strictly liable for this accident arising from a malfunctioning traffic signal within the City's control. The plaintiff also asserts that the City of Ruston was negligent in causing this accident by placing a temporary stop sign at Trenton Street, rather than stationing a police officer at the intersection to direct traffic. The plaintiff contends that the use of the temporary stop sign failed to meet applicable standards of traffic engineering and traffic safety. These arguments are meritless.
The plaintiff argues the trial court erred in failing to apply LSA-C.C. Art. 2317, dealing with strict liability, to the facts of this case.[1]
In order to prevail on a claim of strict liability under LSA-C.C. Art. 2317, a claimant must prove that the thing which caused the injury was in the custody and care of the defendant owner, that a vice or defect existed in the thing and that the vice or defect caused the injury. Jones v. Missouri Pacific Railroad Company, 546 So.2d 632 (La.App. 3rd Cir.1989); Watson v. Department of Transportation and Development, 529 So.2d 427 (La.App. 1st Cir. 1988), writ denied 533 So.2d 361 (La.1988).
A vice or defect is defined as the creation of an unreasonable risk of injury to another. Jones v. Missouri Pacific Railroad Company, supra.
The plaintiff argues that under the case of Jones v. Missouri Pacific Railroad Company, supra, an entity which controls a traffic signal is strictly liable when the signal fails and an accident results. However, the case of Jones v. Missouri Pacific Railroad Company, supra is distinguishable from the present case. In Jones, the defendant was found strictly liable for the plaintiff's injuries which occurred at a rural railroad crossing at night, when the crossing signals failed to work. In that case, the court held that even though the nonfunctioning signal was not the sole cause of the accident, it was a substantial factor in bringing about the harm. In the present case, the malfunctioning traffic light and the use of the temporary stop sign were not causes of the harm. The harm was caused when the plaintiff negligently proceeded into the intersection into the path of oncoming traffic.
There is no dispute that the City of Ruston was in control of the traffic signal at this intersection and that, due to a prior accident which damaged the signal box, the traffic signal was not functioning at the time of the accident. However, the record does not support a finding that the city's use of the temporary stop sign to regulate traffic, rather than posting a police officer at this intersection, created an unreasonable risk of harm which was the cause of this accident. The accident was not caused by the malfunction of the traffic signal. The accident was caused when the plaintiff, after observing the stop sign, proceeded into the intersection without first determining that it was safe to do so. Without a showing that the vice or defect was the cause of the harm, a claim for damages under strict liability must fall.
The plaintiff also claims that the City of Ruston was negligent in failing to post a police officer at this intersection to direct traffic. The plaintiff argues that the use of a temporary stop sign was not a sufficient measure to regulate traffic at this intersection. The plaintiff argues that due to this negligence on the part of the city, he is entitled to damages arising from this accident.
When a governing authority undertakes to control traffic at an intersection, it must exercise a high degree of care for the motoring public. Johnson v. State, 450 So.2d 386 (La.App. 1st Cir.1984), writ denied 450 So.2d 1311 (La.1984).
The jurisprudence holds that when a governing authority is aware that a traffic signal is malfunctioning, there is a duty to establish some sort of "manual control" at the intersection. See Pope v. City of Baton *903 Rouge, 449 So.2d 1070 (La.App. 1st Cir.1984); Johnson v. State, supra; Hardy v. State, Through the Department of Highways, 404 So.2d 981 (La.App. 3rd Cir. 1981), writ denied 407 So.2d 741 (La.1981).
The plaintiff construes these cases to mean that, unless the governing authority places a police officer or some other person at the intersection to direct traffic, then the intersection is unreasonably dangerous and the governing authority has breached its duty of care to the public, and is liable for any collisions that occur at the intersection. We do not construe the jurisprudence cited by the plaintiff to mean that the stationing of a person at an intersection to direct traffic is the only means of "manually controlling" an intersection when a traffic control device fails. We find, as did the trial court, that under the circumstances of this case, the placing of a temporary stop sign on the inferior street was adequate warning to the motoring public that the traffic light was not functioning. We also find that this action was adequate to safely control the movement of traffic through the intersection.
Testimony at trial indicated that California Street is generally a heavily traveled route in this area due to its proximity to Louisiana Tech University. However, on the day this accident occurred, Tech was not in session. Therefore, traffic was lighter than usual.
The record also shows that on the morning of the accident, only three officers were on duty in the City of Ruston. Given the light traffic conditions and the shortage of officers patrolling the town on the morning of the accident, the city's action in placing a temporary stop sign was not unreasonable and did not create an unreasonable risk of harm to others.
We note that Pope v. City of Baton Rouge, supra; Johnson v. State, supra; and Hardy v. State, Through the Department of Highways, supra, are distinguishable from the present case. In each instance when governing authorities were found liable for damage caused by malfunctioning traffic signals, no action at all was taken to warn the public that the signal was not working.
In the present case, the use of a temporary stop sign was reasonable under the circumstances and provided adequate control of the intersection to discharge the high degree of care owed by the City of Ruston for the safety of the motoring public.
The plaintiff also contends that through the testimony of Dr. Olan K. Dart, an expert in traffic engineering, he established that the use of a single stop sign on Trenton Street was an inadequate traffic control device. Dr. Dart testified that according to applicable standards of traffic engineering and traffic safety, he felt the best way to handle an uncontrolled intersection would be to place someone at the intersection to direct traffic. He also stated that making a three-way stop out of the intersection by placing stop signs not only on Trenton Street, but also on California Street, would also be an adequate means of controlling the intersection. Finally, he stated that in his opinion, the use of a single stop sign on Trenton Street was not an adequate traffic control measure. However, Mr. Joel Williams, District Traffic Operations Engineer for the Louisiana Department of Transportation, testified that in his opinion a single stop sign on Trenton Street would be an adequate safety control measure.
Clearly, the trial court, which considers the credibility of witnesses and weighs their testimony in making factual determinations, found that the use of a single stop sign discharged the city's duty to control the intersection. We cannot say that this factual finding is manifestly erroneous under the circumstances of this case.
The plaintiff also argues that the City of Ruston was at fault because the police department's action, in placing the temporary stop sign on Trenton Street, violated a mayoral directive dealing with regulation of intersections when traffic signals were not functioning. The plaintiff argues this directive specifies that, in the event of a malfunctioning traffic signal, a police officer *904 is to remain at the scene to direct traffic.
The pertinent portions of that directive, dated August 26, 1983, are as follows:
The following actions are to be taken when a malfunctioning traffic signal is reported. It is assumed that most inoperative lights will be reported to the Ruston Police Department.
A. Upon arrival, the policeman will place the traffic signal on flash when possible. A police officer will remain at the sight to control traffic when circumstances permit.
B. Amber colored flashing lights will be installed on four portable stop signs. These signs will be located at the police department parking lot at all times they are not in use.
Under the facts of this case, because there were only three police officers on duty at the time of this accident, and because traffic at the intersection was not heavy on the date this accident occurred, the trial court was correct in concluding that circumstances did not permit the stationing of a police officer at this intersection to direct traffic. From the facts in this record, we conclude that the action of the Ruston Police Department in placing a temporary stop sign at this intersection did not violate the mayoral directive.

CONCLUSION
For the reasons stated above, we affirm the judgment of the trial court in favor of the defendants, Willie Rabon, Kenneth Rabon, and the City of Ruston, rejecting the demands of the plaintiff, Garfield Coleman. All costs in this court and the court below are assessed to the plaintiff.
AFFIRMED.

ON APPLICATION FOR REHEARING
Before MARVIN, LINDSAY, HIGHTOWER, FRED W. JONES, Jr. and NORRIS, JJ.
Rehearing denied.
NOTES
[1] LSA-C.C. Art. 2317 provides in pertinent part: "We are responsible not only for the damage occasioned by our own act but for that which is caused by ... the things which we have in our custody...."