GOTHARD, Judge.
The defendant, Schwegmann Giant Supermarkets, appeals a judgment in favor of the plaintiff, Lena McConnell, who was injured while shopping in the Schwegmann market on Veterans Boulevard. The only issue is whether the award for general damages was excessive.
On December 31, 1989, Mrs. McConnell, then age seventy-three, was knocked down by a flat truck loaded with cases of soft drinks, which was being moved by market employees. The buggy she was pushing toppled over on her and she experienced pain in her neck, back, left leg and the back of her head. She was examined in the emergency room of East Jefferson Hospital, X-rayed, and allowed to go home. Mrs. McConnell testified that she took Tylenol several times a day afterward, as she continued to have pain in her back, shoulder, and neck, had difficulty sleeping, and was unable to do most of her housework. She had completed an accident report before leaving Schwegmann’s after the accident and sent the hospital and radiologist’s bills to the designated office. The store did not pay them or contact her. She testified that, although she was in pain, she was concerned about incurring any further expense and did not go to a doctor until June 20, 1990. She then consulted Dr. Norman D. Ott, III who treated her until October 30, 1990, when he discharged her as much improved.
Mrs. McConnell filed suit on August 29, 1990. The matter was heard on September 11, 1991, and the trial judge rendered judgment with reasons from the bench in favor of the plaintiff. He signed a judgment on October 4, 1991 and awarded $5,000 in general damages, $1,435 in medical expense, and costs of $657.80 (including an expert’s fee and deposition of an eye witness that *779 was introduced into evidence), plus interest from date of demand. Schwegmann appealed, contesting the award for general damages as excessive.
The court stated from the bench:
... I find no comparative fault on the part of the plaintiff, Lena McConnell. The plaintiff experienced pain and suffering, headaches, pain in the neck, in the head and the hips. She experienced — the pain she experienced continued discomfort from the date of injury until final resolution in October, 1990. The plaintiff did not seek medical assistance until June of 1990 and adequately explained the reluctance to seek medical assistance during this period from the date of the accident until June of 1990. The Court recognizes the elderly status of the plaintiff and accepts the medical testimony to the effect that minor injuries to elderly people is of greater significance than to younger people and takes longer to resolve. ...
Schwegmann’s argument is based entirely upon a comparison of awards in similar cases. The rules for reviewing a damage award are firmly established and are set out clearly in Stallion v. Morris, 546 So.2d 563, 567 (La.App. 1st Cir.1989), cited by defendants:
... The trier of fact has much discretion in the assessment of damage awards. La.C.C. art. 2324.1. Before an appellate court can disturb a trial court award, the record must clearly reveal an abuse of discretion. Only after finding such abuse can the appellate court modify the award, and then only to the extent of lowering it to the highest point or raising it to the lowest point which is reasonably within the lower court’s discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1976). The initial inquiry must examine the individual circumstances of the case, i.e., the particular injuries and their effects on the injured person, to determine if there has been a clear abuse of discretion, and only after finding an abuse can prior awards be examined. Reck v. Stevens, 373 So.2d 498 (La.1979).
The record fully supports the award. Mrs. McConnell’s treating physician, Dr. Ott, testified that when he first saw her she complained of headaches, neck pain, low back pain, and pain in the left shoulder. He explained that when elderly patients are injured, they tend to become immobile because of pain. The physician must gradually try to remobilize the ligamental structures with exercise, while using analgesics and anti-inflammatory medications. Mrs. McConnell gradually improved and told her physician that she felt she was functioning at her pre-accident level in the shoulder and back when she was discharged on October 30, 1990.
Although Mrs. McConnell fortunately did not suffer any broken bones or apparent permanent injury, she was indeed injured and in pain for many months through the negligence of the Schwegmann employees. The trial judge was in a position to assess the credibility of witnesses and we find no abuse of discretion in his findings of fact or his award of $5,000 in general damages. Accordingly, the judgment below is affirmed, all costs of this appeal to be borne by the appellant.
AFFIRMED.