# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 03-272


**DEBRA HAYES**

**VERSUS**

**KERRY CLARK**

**************
**APPEAL FROM THE**
**TENTH JUDICIAL DISTRICT COURT**
**PARISH OF NATCHITOCHES, NO. 73621**
**HONORABLE ERIC R. HARRINGTON, PRESIDING**


**************
**SYLVIA R. COOKS**
**JUDGE**
**************


Court composed of Ulysses Gene Thibodeaux, Sylvia R. Cooks, and Billy H. Ezell, Judges.

**AFFIRMED.**



**James A. Bolen**
**Bolen, Parker & Brenner, Ltd.**
**P.O. Box 11590**
**Alexandria, Louisiana 71315-1590**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Kerry Clark**


**Payne Williams**
**Williams Family Law Firm**
**P.O. Box 15**
**Natchitoches, Louisiana 71458-0015**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Debra Hayes**

**COOKS, Judge**

## STATEMENT OF THE CASE

This case arises out of an automobile accident in Natchitoches, Louisiana on the evening of November 17, 2000. Kerry Clark was driving on Whitfield Drive. As he approached the intersection of Whitfield Drive and East Fifth Street, he dropped a pair of side shields for glasses. He looked down to search for the side shields, ran a stop sign located at this intersection, and crashed into Debra Hayes. The impact of the collision pushed Ms. Hayes' vehicle across the intersection. Mr. Clark's vehicle spun almost 360 degrees and rolled onto the passenger side. Mr. Clark was not injured in the accident, but his vehicle was totaled. Mr. Clark admitted to running the stop sign and received a traffic ticket. Ms. Hayes suffered knee and back injury and was immediately taken to the hospital by her son. Ms. Hayes sued Kerry Clark and his insurer, Zurich American Insurance Company.

Ms. Hayes filed a Partial Motion for Summary Judgment on the issue of liability. Judge Eric Harrington granted the Plaintiff's motion on the basis that the sole cause of the accident was the negligence of Mr. Clark in failing to stop at the stop sign. The case was presented to the jury on the issue of damages. The jury awarded damages totaling $175,875.88 to Ms. Hayes. Mr. Clark files this appeal asserting the following assignments of error:

1. The trial court erred in granting the Plantiff's Partial Motion for Summary Judgment and removing the issue of liability from the jury's consideration.

2. The trial court erred in the jury charge given regarding Plantiff's burden of proving future medical expenses.

3. The trial court erred in approving the jury verdict form listing eleven categories of damages.

4. The jury's damage award to Plantiff was excessive and not

supported by the evidence.

For the reasons assigned below, we affirm the decision of the trial court.

## ASSIGNMENT OF ERROR NUMBER ONE

Mr. Clark contends the trial court erred in granting the Plantiff 's Partial Motion for Summary Judgment. An appellate court reviews summary judgments *de novo*, applying the same criteria as the district court in determining whether summary judgment is appropriate. *Schroeder v. Bd. of Supervisors of Louisiana State Univ.,* 591 So.2d 342 (La.1991); La.Code Civ.P. art. 966(B). A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material facts, and the mover is entitled to judgment as a matter of law. La.Code Civ. P. art. 966(B). Mr. Clark contends summary judgment was not proper in this case because there was a genuine issue of material fact as to whether Ms. Hayes was comparatively at fault. Mr. Clark contends Ms. Hayes admitted observing Mr. Clark pull up to the stop sign and she was negligent in failing to apply her brakes to avoid the accident.

Ms. Hayes testified she was traveling home on East Fifth Street after visiting her grandmother at the Natchitoches Parish Hospital. She was traveling twenty miles an hour when she approached the intersection of East Fifth Street and Whitfield Drive. She stated there is a house located on the corner which blocks the view of the intersection by approaching drivers. When Ms. Hayes saw Mr. Clark's vehicle, he was approaching the stop sign. She assumed he was going to stop and she proceeded forward into the intersection. We find the trial judge was correct in concluding the sole cause of the accident was the failure of Mr. Clark to stop at the stop sign.

The duty of a motorist when approaching a stop sign is mandated in La.R.S.

3

32:123 which provides in relevant part:

A. Preferential right of way at an intersection may be indicated by stop signs or yield signs.

B. Except when directed to proceed by a police officer or traffic-control signal, every driver and operator of a vehicle approaching a stop intersection indicated by a stop sign shall stop before entering the cross walk on the near side at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway before entering the intersection. After having stopped, the driver shall yield the right of way to all vehicles which have entered the intersection from another highway or which are approaching so closely on said highway as to constitute an immediate hazard.

When a motorist is confronted with a stop sign at an intersection, it is his duty to come to a complete stop, to observe traffic, and to make certain that the way is clear before proceeding. *Coleman v. Rabon*, 561 So.2d 897 (La.App. 2 Cir. 1990), *writ denied*, 567 So.2d 617 (La.); *Vallery v. State Through Dept. of Transp. and Dev.*, 480 So.2d 818 (La.App. 3 Cir. 1985), *writ denied*, 481 So. 2d 1350 (La. 1986). Mr. Clark admitted he was looking down to search for a pair of side shields for glasses and failed to stop at the stop sign. He further testified he never applied his brakes prior to impact and received a traffic citation following the accident.

A similar factual situation was presented in *Cormier v. Albear*, 99-1206 (La.App. 3 Cir. 2/02/00), 758 So.2d 250. The Plantiff was traveling on Highway 90 near New Iberia. When he approached the intersection of Highway 90 and Louisiana Highway 675, a tractor-trailer driven by the defendant appeared in front of him, giving him only 1 to 1.5 seconds to react. He struck the tractor-trailer near the back tires. The driver of the tractor-trailer stopped at the stop sign and flashing red light, checked for approaching traffic but failed to see the Plantiff's vehicle. He attempted to cross the intersection and drove his tractor-trailer out in front of the Plantiff's vehicle. The driver of the tractor-trailer asserted the Plantiff was equally at fault in causing the

4

accident. The trial court granted the Plantiff's Partial Motion for Summary Judgment on the issue of liability finding the driver of the tractor-trailer solely at fault in failing to observe the Plaintiff's vehicle and proceeding across the intersection when it was unsafe to do so. In affirming the decision of the trial court, this court stated:

> The evidence here shows that Mr. Cormier exercised the proper degree of care when approaching the intersection. He stated that he was driving the speed limit when the tractor-trailer appeared before him, allowing him only enough time to apply his brakes and duck. Mr. Albear stated that he simply did not see the approaching vehicle. Although there is some disagreement over the speed at which the tractor-trailer entered the intersection, it is insufficient to attribute fault to Mr. Cormier. Under these circumstances, we find that there is no genuine issue of material fact regarding Mr. Albear's sole responsibility for causing the accident and injuries.

*Id*. at p.9, 255.

In the present case, we find the trial court was correct in concluding the sole cause of the accident was the failure of Mr. Clark to stop at the stop sign. Accordingly, we find this assignment of error without merit.

### ASSIGNMENT OF ERROR NUMBER TWO

Mr. Clark contends the trial court erred in giving the jury a charge regarding an award of future medical expenses. He contends the Plantiff presented no medical evidence to support the $4,000 award by the jury for future medical expenses. The trial judge in charging the jury stated:

> A plaintiff may also have a right to recover for the cost of future medical treatment and these damages should not be denied because it is impossible to establish exactly the nature and extent of the treatment and the cost of that treatment that will be required. The fact that the cost of future medical treatment if reasonably proved cannot be precisely calculated is not a reason to deny the claim.

To recover damages for future medical expenses, the Plantiff must show it is more probable than not that future medical expenses will be incurred. Medical testimony is required to support an award of future medical expenses. *Clavier v.*

5

*Roberts*, 00-1666 (La.App. 3 Cir. 4/4/01),783 So.2d 599 *writ denied*, 01-1662 (La. 9/21/01), 797 So.2d 672. We find the medical testimony supports the jury award of future medical expenses. Dr. Baer Rambach, an orthopedist who treated Ms. Hayes, testified she would require future medical treatment. Dr. Sudar Tanga, an anesthesiologist and pain management specialist, testified if Ms. Hayes continued to experience back pain, she would have to use a TNS unit or may have to undergo a discogram. He recommended she continue daily medication and exercise. Dr. Robert Holladay, an orthopedic surgeon, treated Ms. Hayes from September 19, 2001 until the trial on September 13, 2002. He recommended that Ms. Hayes return for further treatment in three months. Dr. Goodman, an orthopedic surgeon, performed an independent medical examination of Ms. Hayes at the request of the Defendants. Dr. Goodman testified Ms. Hayes would suffer chronic back problems as a result of the accident for an indefinite period of time.

We find there is sufficient medical testimony to support an award of future medical expenses and the trial court did not err in giving the charge to the jury regarding this element of damages. Accordingly, we find this assignment of error without merit.

### ASSIGNMENT OF ERROR NUMBER THREE

The jury verdict form given by the trial court listed eleven categories of damages: Past Medical Expenses, Future Medical Expenses, Past Mental and Emotional Anguish, Future Mental and Emotional Anguish, Past Physical Pain and Suffering, Future Physical Pain and Suffering, Past Loss of Enjoyment of Life, Future Loss of Enjoyment of Life, Disability, Past Loss of Income and Future Loss of Income. The Defendant claims the general damage award was excessive because the elements of damages were duplicative and overlapping. We have examined the jury

6

verdict form and find the categories listed are all compensable and are not duplicative. The Defendant, particularly, objects to the award for loss of enjoyment of life. This court in *Harper v. Falrig Offshore, Inc.*, 00-694 (La.App. 3 Cir. 12/20/00), 776 So.2d 620, *writs denied*, 01-751, 01-816 (La. 5/11/01), 792 So.2d 735, 737. recognized that loss of enjoyment of life is a separate compensable element of general damages apart from physical or emotional pain and suffering. The evidence at trial supports a finding that the injuries Ms. Hayes sustained in the automobile accident had a detrimental effect on her lifestyle and forced her to give up or curtail activities she had engaged in prior to the accident. Shirley Bordelon, Ms. Hayes' employer, testified Ms. Hayes is a dedicated and honest employee and prior to her accident had no problems performing any of her job duties as a picture framer. Since the accident, Ms. Hayes has been unable to lift heavy objects, cut heavy molding or lift heavy pieces of glass. The evidence supported a finding that Ms. Hayes social and economic lifestyle was dramatically altered as a result of the accident. We find the jury award of $10,000 for past and future loss of enjoyment of life entirely appropriate.

### ASSIGNMENT OF ERROR NUMBER FOUR

The Defendant contends the general damage award to Ms. Hayes of $135,000 is excessive and not supported by the evidence. We disagree. The evidence presented at trial indicates Ms. Hayes had never had back problems prior to the accident. Following the accident, Ms. Hayes missed several of her son's basketball and football games during his senior year because she was unable to sit on the bleachers for long periods of time. She had concerns regarding her ability to fully perform her duties at work and concerns regarding the development of future back problems. Ms. Hayes also testified she was concerned that she would be unable to obtain health insurance from a new insurance company because of her current back problems. She continues

7

to suffer from chronic back pain which has required her to curtail several of her activities. The physicians testified that Ms. Hayes' back and left sacroiliac joint pain would continue for an indefinite period of time and possibly for the rest of her life and she would require future medical treatment. We find the general damage award to Ms. Hayes was reasonable and appropriate. Accordingly, we find this assignment of error without merit.

## DECREE

Based on the foregoing review of the evidence, we affirm the decision of the trial court and assess all costs of this appeal to the Defendants.

**AFFIRMED.**