MOORE, J.
Ijn these consolidated cases, Safeway Insurance Company of Louisiana appeals a judgment that found its insured, Tanja Parker, 100% at fault in an intersectional collision that occurred in Hot Springs, Arkansas, injuring her three children who were passengers in her car, and applied Louisiana law instead of Arkansas law, which would have provided “parental immunity” for the claim. We affirm.

Factual and Procedural Background

In June 2011, Ms. Parker and her family — husband, Mark Barron, and her three minor children, Tyler Parker and Coby and Cameron Barron[1] — were taking a family vacation from their home in Bossier City, Louisiana, to Hot Springs. Ms. Parker was driving her 2007 Pontiac G6, insured by Safeway. Driving west on East Maurice, she pulled up to the intersection with Valley Road, stopped at the stop sign, looked both ways, and then proceeded across Valley Road. For some reason, she did not notice a 1997 GMC Suburban coming south on Valley Road, the favored street. The Suburban “T-boned” or struck the middle passenger side of Ms. Parker’s Pontiac, injuring the three children — Tyler most severely.
In February 2012, Coby and Cameron’s father, Mark Barron, filed a direct action against Safeway, seeking damages for their injuries. In March 2012, Ms. Parker filed a separate direct action against Safeway, seeking damages for Tyler’s injuries. Both suits were filed in Bossier Parish, where Ms. Parker, Mr. Barron and the three children live and where the Safeway personal automobile insurance policy was issued. The suits were 12consolidated for trial.
Safeway raised several exceptions, including one of no right or no cause of action, urging that because the accident occurred in Arkansas, it was subject to Arkansas law, under which “parental immunity” prohibits a child from suing his parent. Rambo v. Rambo, 195 Ark. 832, 114 S.W.2d 468 (1938); Attwood v. Attwood’s Estate, 276 Ark. 230, 633 S.W.2d 366 (1982). It also argued that Louisiana’s Direct Action Statute gave no special rights to insureds with contract claims against their insurer. Green v. Auto Club Group Ins. Co., 2008-2868 (La.10/28/09), 24 So.3d 182.
The district court denied all exceptions. Prior to trial, Safeway settled with the driver of the Suburban, who was an Arkansas resident.
The matter came to trial in January 2013. Ms. Parker, her son Tyler (by then 16 years old) and Mark Barron testified about the accident. They agreed that she stopped at the stop sign and looked both ways. Ms. Parker, who was behind the wheel, testified that she did not see the Suburban “until it was too late”; her husband, in the front passenger seat, never saw it; and Tyler, in the back seat by the passenger door, saw it only about 10 feet before impact. All agreed the Suburban had the right-of-way. On cross-examination, in response to leading questions, Ms. Parker and Mark Barron agreed that Valley Street, to their right, may have had a steep incline down which the Suburban was driving before it struck them.
Ms. Parker introduced the deposition of Officer Zachary Rostan, the Hot Springs police officer who worked the accident. He confirmed that East Maurice had stop signs and Valley Road was favored. Based on his report |s(he had no independent recollection of the event), he stated that Ms. Parker “pulled out in front of the oncoming vehicle.” He also stated that *1088 from where Ms. Parker was situated, there was clear visibility to the right, “it’s a pretty straight shot on both sides,” and he did not find speed to be a factor in the accident.
Finally, Ms. Parker introduced copies of Tyler’s medical records and bills, photos of his injuries, and a copy of the endorsement page of the Safeway policy. Mr. Barron introduced copies of Coby and Cameron’s medical records and bills.
Safeway called no witnesses, but introduced a copy of the personal automobile insurance policy issued to Ms. Parker, her claim form, proof of the settlement with the driver of the Suburban, and copies of the plaintiffs’ depositions.
At the end of trial, Safeway stipulated that of the original policy amount of $30,000, only $23,500 remained, and if the court found liability, Tyler was entitled to $15,000, with the rest to be split between Coby and Cameron. The court stated that it had “already ruled on the jurisdiction issue.”
In a written opinion, the court found that the accident was caused totally by Ms. Parker’s pulling out from the stop sign into the path of the oncoming Suburban. It awarded Tyler $15,000, per the stipulation, and allocated the balance 90% to Coby and 10% to Cameron. Finally, the court wrote that it had already decided that Louisiana law applied to the matter.
Safeway has appealed, raising three assignments of error.
| ¿Discussion
By its first assignment of error, Safeway urges the court erred in assigning any fault to Ms. Parker because, under Arkansas law, parental immunity destroys the child’s cause of action. It reiterates that parental immunity means “an un-emancipated minor child may not maintain an action for an involuntary tort against his parent,” Rambo v. Rambo, supra, and concedes that under Louisiana law, there is no such bar. Walker v. Milton, 263 La. 555, 268 So.2d 654 (1972). By its third assignment, Safeway urges the court erred in refusing to apply Arkansas law to the claim. In support, it cites La. C.C. art. 3543:
Issues pertaining to standards of conduct and safety are governed by the law of the state in which the conduct that caused the injury occurred, if the injury occurred in that state * * *.
Because the accident occurred in Arkansas, the alleged damages and injuries occurred in Arkansas, and Ms. Parker was contended to be at fault, Safeway submits the case was governed by Arkansas law, under which the plaintiffs simply cannot maintain an action against Ms. Parker.
Ms. Parker responds that the case presents a “false conflict,” identical to that found in Jagers v. Royal Indem. Co., 276 So.2d 309 (La.1973), in that only Louisiana has any interest in the application of its law to the claim. She also suggests that if there is a genuine conflict of laws, it is governed by La. C.C. art. 3544:
Issues pertaining to loss distribution and financial protection are governed, as between a person injured by an offense or quasi-offense and the person who caused the injury, by the law designated in the following order:
ls(l) If, at the time of the injury, the injured person and the person who caused the injury were domiciled in the same state, by the law of that state.
Because the injured persons were Louisiana residents, the alleged tortfeasor was a Louisiana resident, and the insurance policy was issued in Louisiana, Ms. Parker argues that the case is governed by Louisiana law, which allows suit by the minor *1089 children. Mr. Barron has adopted his wife’s arguments.
We find that Jagers v. Royal Indem. Co., supra, is both factually apposite and legally persuasive. In that case, Ms. Jag-ers, a Louisiana resident, was injured when the car driven by her minor son, a Louisiana resident who lived with her, rear-ended another vehicle in Pass Christian, Mississippi. Ms. Jagers filed suit, in Louisiana state court, against her son and their auto insurer; the trial court rendered judgment in Ms. Jagers’s favor. The insurer appealed, arguing that under Mississippi’s intrafamily immunity doctrine, she had no right or cause of action. The Third Circuit affirmed, refusing to apply Mississippi law, and the Supreme Court affirmed, stating:
When the foreign state has no interest in the application of its law in Louisiana litigation, we deem that the application of Louisiana courts will contribute much greater predictability, certainty and constancy to the law.
The same applies equally here. Ms. Parker and her family were transitorily in Arkansas when the accident occurred, and the other driver was an Arkansas resident, but the claim is fundamentally between Louisiana residents seeking to enforce an automobile insurance policy that was issued in Louisiana. On these facts, Louisiana has the more substantial interest in | ^applying its law than does Arkansas. See also Champagne v. Ward, 2003-3211 (La.1/19/05), 893 So.2d 773. The district court did not err in denying Safeway’s exceptions and in declining to apply the Arkansas parental immunity rule. These assignments of error lack merit.
By its second assignment of error, Safeway urges the court erred in not assigning all fault and liability to the driver of the Suburban. It argues that all witnesses agreed that Ms. Parker stopped at the stop sign, looked both ways, and proceeded safely into the intersection; she was not drunk or distracted; in short, “there is nothing Ms. Parker could have done to have avoided the accident.” Safeway suggests that because the Suburban came out of nowhere, its driver must have been speeding and thus at least partly at fault.
Ms. Parker responds that the court’s findings are not plainly wrong. Officer Rostan, the only witness familiar with the intersection, reported that Ms. Parker failed to yield to oncoming traffic that had the right-of-way, and this was the sole cause of the accident. She submits that the court did not abuse its discretion in accepting the officer’s testimony over the accounts of witnesses who were not familiar with the intersection.
When a driver is confronted with a stop sign at an intersection, it is her duty to come to a complete stop, to appraise traffic and to make certain that the way is clear before proceeding. Kessler v. Amica Mut. Ins. Co., 573 So.2d 476 (La.1991); Matthews v. Arkla Lubricants Inc., 32,121 (La.App. 2 Cir. 8/18/99), 740 So.2d 787. When a motorist stops her vehicle before entering a right-of-way street, she has performed only half the duty the law |7has imposed on her. The duty to proceed safely from a stop sign mandates that the driver see what she should have seen with the exercise of due diligence; she is required to see a vehicle which is traveling on a favored roadway as it approaches her position. Eaglin v. State Farm Ins. Co., 489 So.2d 464 (La.App. 3 Cir.1986). To stop and then proceed in the immediate path of an oncoming vehicle constitutes gross negligence. Coleman v. Rabon, 561 So.2d 897 (La.App. 2 Cir.1990), writ denied, 567 So.2d 617 (1991); Matthews v. Arkla Lubricants, supra.
We recognize Safeway’s effort to cast some negligence on the driver of the Sub *1090 urban, first by suggesting that Valley Road to Ms. Parker’s right was at the foot of a steep decline, and she could not be expected to gaze upward to anticipate traffic. However, Officer Rostan testified it was a “pretty straight shot on both sides,” providing a reasonable basis for the district court to reject counsel’s hypotheticals and find that nothing impeded Ms. Parker from seeing the Suburban. Safeway next argued that the Suburban must have been speeding, or else Ms. Parker would have seen it when she stopped and looked before starting to cross Valley Road; however, there was no direct evidence of this, and Officer Rostan testified that speed was not a factor in the accident.
On this record, the district court did not abuse its discretion in accepting the officer’s testimony and finding that Ms. Parker was solely at fault for failing to see the large, black Suburban before pulling into the favored street. This assignment of error lacks merit.
1 sConclusion
For the reasons expressed, the judgment is affirmed. All costs are to be paid by Safeway Insurance Company of Louisiana.
AFFIRMED.

. Ms. Parker also had a fourth son, who was a major and was not on the trip to Hot Springs.