LOTTINGER, Judge.
This is an action ex delicto resulting from a rear end collision on the black top road in Abita Springs, Louisiana. From a judgment in favor of plaintiff, defendant has appealed.
The plaintiff, Mrs. Sarah Costanza testified that on April 17, 1969, as she was proceeding to her house and prior to making a left turn into her driveway, she stopped, momentarily, on the highway because some men were on the side of the road with car trouble. She had not as of yet signaled for a left turn when the defendant collided with the rear of her automobile. At the time it was drizzling raining. Without question, the lights of the plaintiff’s car were on.
The defendant testified that the plaintiff’s automobile lights were not on until right before the accident. Apparently the Trial Judge believed the plaintiff because of his judgment.
It is well settled jurisprudence in this State that:
“ * * * when visibility is materially impaired because of smoke, mist, dust, fog or other atmospheric conditions, a motorist is held to a duty of operating his vehicle with an unusually high degree of care. He should reduce his rate of speed to such an extent and keep his car under such control as to reduce to a minimum the possibility of accident from collision, and as an extreme measure of safety it is his duty, when visibility ahead is not possible or is greatly obscured, to stop his car and remain at a standstill until conditions warrant going forward. He does not have a right to assume that his course of travel is free from danger or obstruction in the absence of his ability to see clearly ahead, but if he continues to travel as if he knew there was perfect clearance ahead, he does so at his own risk and peril.” See Ardoin v. Southern Farm Bureau Casualty Ins. Co., La.App., 133 So.2d 129, and Standard Casualty Co. v. Fidelity & Cas. Co. of N. Y., La.App., 162 So.2d 26, 31 (1964).
A motorist is required to maintain a constant lookout, steadily watching road conditions ahead, keeping his vehicle under such control, and maintaining such speed as is commensurate with the attending circumstances. Standard Casualty Co. v. Fidelity and Casualty Co. of N. Y., supra.
The plaintiff presented an estimate of damages to her automobile totaling $352.99. Testimony was further gained from the plaintiff which amounted to her receiving a minor whiplash in the accident. The Trial Judge awarded the plaintiff a total of $702.99. We find no error on the part of the Trial Court on either liability or quantum.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed.
Judgment affirmed.