CLARK, Justice,
dissents and would grant the writ as to the allocation of fault.
11This matter concerns an accident which occurred on Interstate 210 in Calcasieu Parish, as a Claiborne Parish Sheriffs Deputy escorted a funeral procession onto the interstate. A van driven by Conor English rear-ended a stationary vehicle occupied by Wayne LaGrappe, the driver, and his wife, causing severe injuries to both. After the trial, the jury found the Sheriffs Department 65% at fault for causing the accident, and English 35% at fault.
A trial court’s findings regarding percentages of fault are factual, and will not be disturbed on appeal unless clearly wrong. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991). In Stobart v. State, through DOTD, 617 So.2d 880 (La.1993) the Court set forth a two-part test for the reversal of a fact-finder’s determinations. First, the appellate court must find from the record that a reasonable *72 factual basis does not exist for the finding of the trial court. Second, the appellate court must further determine that the record establishes that the finding is clearly wrong. This test dictates that a reviewing court do more than simply review the record for evidence that may controvert the trial court ruling. Instead, it requires a review of the entire record to determine whether manifest error has occurred. Thus, the issue before this Court is not whether the trier of fact was- right or wrong, but whether the fact-finder’s conclusion was a reasonable one.
|2Here, the evidence shows that English, the driver of the vehicle that struck the plaintiffs’ vehicle from the rear, failed to exercise even a scintilla of care as he approached the Lake Street overpass and plaintiffs’ vehicle. Further, the physical evidence established that English failed to apply his brakes prior to impact and he made a maneuver to the right just as he struck the LaGrappe’s vehicle. These facts are undisputed.
English was required to maintain a constant lookout, steadily watching road conditions ahead, keeping his vehicle under such control, and maintaining such speed as is commensurate with the attending circumstances. Costanza v. Barker, 255 So.2d 255 (La.App. 1st Cir.1971). He failed to do so. These facts are also undisputed.
English had a duty to maintain a lookout ahead and even if an obstruction in the roadway is illegal, he was required to exercise care to observe and avoid it. Earl Prothro v. Thomas Dillahunty and Stonewall Jackson Insurance, 488 So.2d 1163 (La.App. 2d Cir.1986). He failed to do so. These facts are also undisputed. The evidence established that Mr. English exercised no care whatsoever as he proceeded down 1-210.
On the other hand, the evidence at trial established that the actions of the deputies on the day in question were carried out in Such a way that all drivers who were paying attention to the roadway were able to safely bring their vehicles to a stop without incident. Every witness that testified at trial regarding liability confirmed that there were multiple vehicles that were paying attention and were able to stop without incident upon approaching this funeral procession. There was not a single witness at trial that testified that the Sheriff actually brought traffic to a stop on 1-210. But whether the deputies stopped traffic, or pulled onto the interstate after traffic stopped to allow them to do so, the undisputed evidence at |atrial established that (1) traffic stopped on the Interstate because of the funeral procession, (2) multiple vehicles were able to come safely to a controlled stop after encountering the procession, and (3) after multiple vehicles were able to stop safely without incident, English was not paying attention to the road ahead, never applied his brakes, and struck the LaGrappe vehicle.
Based on these facts, the jury’s conclusion that the Sheriffs Department was 65% at fault in causing the subject accident is manifestly erroneous. At most, the Department should have been allocated 25% fault.[1]

. Based on the fact that the other drivers were able to stop without incident, and the fact that English was so inattentive that he made no attempt at all to stop, I would find that English was 100% at fault in causing the accident.